### HUGH RUSSELL v. STATE.

No. A-4274.    Opinion Filed Dec. 26, 1923.
221 Pac. 113.)

(Syllabus.)

1.  **Intoxicating Liquors—Unlawful Possession—Insufficient Evidence.** In a prosecution for unlawful possession of intoxicating liquor, evidence held insufficient to sustain a conviction.

2.  **Evidence—Liquor Obtained by Illegal Search Inadmissible.** Liquor obtained by a search of defendant's premises under a search warrant issued without authority of law, for the sole purpose of obtaining evidence against him, in violation of Bill of Rights, § 30, guaranteeing the security of the people, in their right to be exempt in their persons, houses, papers, and effects from unreasonable search and seizure, is inadmissible against him.

Appeal from County Court, Harmon County; E. C. Abernathy, Judge.

Hugh Russell was convicted of the unlawful possession of intoxicating liquor, and he appeals.    Reversed.

C. H. Madden, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.  The information in this case charges that Hugh Russell did have in his possession two gallons and three quarts of corn whisky with intent to sell the same.    Upon

the trial appellant was by verdict of the jury found guilty, without assessing the punishment. Motion for new trial was duly filed. January 28, 1922, the motion was overruled, and the court sentenced appellant to confinement in the county jail for 30 days, and to pay a fine of $250 and costs. He appeals to this court for a reversal of the judgment because of the admission of incompetent evidence over his objections and insufficiency of the evidence to support the verdict.

It appears from the record that the sheriff, accompanied by two deputies, went to the home of appellant, about 10 miles north of Hollis, in Harmon county, in executing a search warrant issued upon an affidavit made by the sheriff upon information and belief that intoxicating liquors are being made, stored, and sold by Hugh Russell upon and about the premises described. Upon searching appellant's premises, he being absent at the time, the officers found four one-half gallon jars of corn whisky in the crib barn covered with maize, and found two quart jars of whisky under a box in the harness house. Against defendant's objections the officers were permitted to testify to these facts, and the jars of corn whisky so seized were offered as evidence.

As a witness in his own behalf Hugh Russell testified that he was a tenant farmer on J. W. Breedlove's farm and was in Hollis at the time the officers made the search; that the maize in the crib belonged to his landlord's son, who lived on the adjoining farm; that he had never been in the crib, and did not know that the corn whisky was there, did not know anything about the liquor found in the harness house, and did not know that there was any liquor on the place; that a cotton picker and his family had lived in the shack about the same distance from the barn as his house.

The Breedloves, father and son, testified that the maize in the crib belonged to Russell Breedlove.

Six or seven witnesses qualified as character witnesses, having known the defendant from 10 to 25 years, and his general reputation and character as to being a law-abiding citizen, and that it was good.

It is contended for appellant that all the evidence offered by the state was incompetent because said evidence was obtained through an illegal search warrant. Section 30, art. 2 of the state Constitution, provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

This provision is the same as the Fourth Amendment to the federal Constitution, with the exception of the use of the word "or" in place of the conjunctive word "and."

In Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, it was said by Mr. Justice Day:

"The effect of the Fourth Amendment is to put the courts of the United States and Federal officials, in the exercise of their power and authority, under limitations and restraints as to the exercise of such power and authority, and to forever secure the people, their persons, house, papers and effects against all unreasonable searches and seizures under the guise of law. This protection reaches all alike, whether accused of crime or not, and the duty of giving to it force and effect is obligatory upon all intrusted under our federal system with the enforcement of the laws. The tendency of those who execute the criminal laws of the country to obtain conviction by means of unlawful seizures and enforced confessions, the latter often obtained after subjecting accused persons to unwarranted practices destructive of rights

secured by the federal Constitution, should find no sanction in the judgments of the courts which are charged at all times with support in the Constitution, and to which people of all conditions have a right to appeal for the maintenance of such fundamental rights."

These provisions safeguard the citizen in his person, his home, and his property against unlawful and unreasonable search or seizure.

In Foreman v. State, 8 Okla. Cr. 480, 128 Pac. 1101, we said:

"The Bill of Rights is something more than a mere compilation of glittering generalities. Some of its provisions constitute a formal and public declaration of popular rights and liberties. The guaranty in article 2, § 30 (38 Williams'), that the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated, should be respected by all peace officers and law-abiding citizens. Section 7013 of the Enforcement Act (Comp. Stats. 1921) provides: 'No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or a place for storage, or unless such residence is a place of public resort.' And the statute is in accordance with the Bill of Rights."

In the case of Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, it is held:

"A search warrant must not be issued except upon a showing of probable cause, supported by oath or affirmation, which must set forth the facts tending to establish probable cause. An affidavit stating mere conclusions, or made on belief without stating the facts, is insufficient, and a search warrant based upon such a showing is void."

And:

"A search and seizure forcibly made under color of a void search warrant is an 'unreasonable search and seizure' within the meaning of section 30 of our Bill of Rights."

And under the Bill of Rights it is held that the admission of evidence procured by an illegal search warrant was reversible error. The principle involved was by Judge Bessey in the opinion thoroughly discussed, and the authorities reviewed, and, so far as the same are applicable here it is unnecessary to again present them.

The search and seizure detailed in the record was an unauthorized trespass and an invasion of the constitutional rights of this defendant. It follows that all evidence with reference to liquor secured thereby should have been excluded on defendant's objections.

The judgment of the trial court is therefore reversed.

MATSON, P. J., and BESSEY, J., concur.