### FRED FOSTER v. STATE.

No. A-5150.    Opinion Filed June 16, 1924.
(226 Pac. 602.)

(Syllabus.)

1.    **Searches and Seizures—Affidavit Made on Information and Belief—Invalidity of Warrant.** An affidavit for a search warrant is insufficient if made on information and belief without

stating the facts on which the belief of the affiant is based, and a search warrant issued on such an affidavit is void.

2. **Intoxicating Liquors—Warrant to Search Private Residence Unauthorized Except in Cases Specified in Statute.** Under the statute (section 7013, Comp. St. 1921) no officer is authorized to search a private residence occupied as such, unless it or some part of it is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort, and no magistrate in this state has the power to issue a search warrant to search a private residence unless it is made to appear that such private residence comes within the exceptions stated in said section.

3. **Evidence—Intoxicating Liquor Obtained by Unlawful Search Inadmissible.** Liquor obtained by a search of defendant's residence, under a search warrant issued without authority of law for the sole purpose of obtaining evidence against him, in violation of the Bill of Rights, § 30, guaranteeing the security of the people in their right to be exempt in their persons, house, papers, and effects from unreasonable search and seizure, is inadmissible against him.

Appeal from County Court, Beaver County; J. D. Meese, Judge.

Fred Foster was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

D. W. Buckner and Loofbourrow & Loofbourrow, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that Fred Foster did have in his possession 16 quarts of whisky with the unlawful intent to sell the same. Upon his trial he was found guilty by the jury, but they were unable to agree upon the punishment. March 6, 1924, he was by the judgment of the court sentenced to be confined in the county jail for 60 days and to pay a fine of $300. He has been permitted to prosecute his appeal from the judgment as a

poor person, but he was fortunate enough to secure the assistance of counsel who have presented his case in an excellent brief. Unable to give bond defendant is now confined in the county jail in execution of said sentence.

The first error assigned for reversal of this judgment is the admission of evidence procured under a search warrant that is said to be illegal because of the affidavit on which it was issued. The affidavit states:

"That J. O. Karnes, being duly sworn, deposes and says, that he has good reasons to believe, and does believe, that a still for the manufacture of intoxicating liquors or mash for the purpose of making intoxicating liquors or substitutes for the same are being manufactured, sold, bartered, given away and otherwise furnished, are being kept and possessed and used in violation of the prohibitory laws of the state of Oklahoma, at the following place, to wit: Sections 26 and 27, Twp. 3 N., range 27 E. C. M., Beaver County, Okla.—now owned and occupied by Fred Foster and John Doe. That as reasons for such belief affiant states the following: Information furnished by sheriff."

On this affidavit J. D. Meese, judge of the county court, issued the search warrant in question.

The evidence shows that H. D. Bridgewater, sheriff, and J. O. Karnes, undersheriff, who made the affidavit upon which the search warrant issued, went to the farm of the defendant, searched his house, and found about 4 gallons of whisky, a quart in the kitchen and 15 quarts in the cellar.

Prior to the commencement of the trial the defendant filed a motion to suppress the introduction in evidence of the whisky so seized, which he alleged to have been obtained by an illegal search and seizure, in that the same was obtained under a purported search warrant that is void, because the affidavit on which it was issued is made upon informa-

tion and belief, and does not set forth-facts tending to show probable cause, and that said liquor was unlawfully and illegally seized, in that it was taken from defendant's private residence, occupied as such, and said affidavit does not state that said residence is used as a store, shop, hotel, boarding house, or place for storage, or that such residence is a place of public resort as required by the statute, section 7013, Comp. Stats. 1921, which motion was overruled and exceptions reserved.

It appears that when the whisky seized was offered in evidence the defendant objected on the ground that it had been seized under a void search warrant, and for that reason moved the court to withdraw from the consideration of the jury the testimony of the officers and the evidence so obtained. The objection was overruled and the motion denied. Exception reserved.

It is urged that the affidavit is insufficient in that it fails to show probable cause supported by oath or affirmation, required by section 30, art. 2, of our Constitution, and is in violation of section 7013, Comp. Stats. 1921.

In the case of Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, it is held:

"A search warrant must not be issued except upon a showing of probable cause, supported by oath or affirmation, which must set forth the facts tending to establish probable cause."

In Russell v. State, 25 Okla. Cr. 423, 221 Pac. 113, it was held that:

"Liquor obtained by a search of defendant's premises under a search warrant issued without authority of law, for the sole purpose of obtaining evidence against him, in violation of Bill of Rights, §. 30, guaranteeing the security

of the people, in their right to be exempt in their persons, houses, papers, and effects from unreasonble search and seizure, is inadmissible against him.''

In Duncan v. State, 11 Okla. Cr. 217, 144 Pac. 629, it was held that under the statute (section 7013, Comp. Stats. 1921) no officer is authorized to search a private residence occupied as such or any portion thereof unless it or some part of it was used as a store, shop, hotel, boarding house, or place of storage, or unless such residence is a place of public resort, and that no magistrate in this state has the power to issue a search warrant to search a private residence occupied as such, unless it is made clearly to appear that such private residence comes within the exceptions stated in said section.

It follows that the search and seizure shown in this case was an invasion of the constitutional rights of the defendant and that the evidence complained of was improperly admitted.

The judgment of the trial court is therefore reversed.

MATSON, P. J., and BESSEY, J., concur.