## ELMER WILLIAMS v. STATE.

No. A-4963.  Opinion Filed April 6, 1925.

(234 Pac. 781.)

(Syllabus.)

1. **Intoxicating Liquors—Unlawful Possession—Proof Required that Liquor is Intoxicating.** A conviction for unlawful possession of intoxicating liquor, to wit, choc beer, cannot be sustained, where there is no evidence to show that said liquor is intoxicating.

2. **Evidence—Evidence Procured in Unreasonable Search Inadmissible.** Evidence procured in violation of an accused's constitutional protection against unreasonable search and seizure, under Const. art. 2, § 30, is inadmissible against him upon his trial.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Elmer Williams was convicted of possession of intoxicating liquor, and he appeals. Reversed.

R. C. Roland, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.  Appellant, Elmer Williams, was convicted on an information charging that in Carter county, June 22, 1923, he did "unlawfully have in his possession certain intoxicating liquor, to wit: Two quarts and three pints of Choctaw beer, with the unlawful intent to sell the same," and in accordance with the verdict he was sentenced to pay a fine of $50 and be confined in jail for 30 days.  To reverse the judgment he appeals and assigns as error the admission of testimony of the officers as to their search and seizure, and that the verdict is not sustained by the testimony.

J. W. Ginn, deputy sheriff, testified that with deputy sheriff Jesse Dunn he searched the defendant's home in Ardmore, and found two quarts and three pints of choc beer; that he understood that Mr. Dunn had a search warrant.

Jesse Dunn, deputy sheriff, testified in substance to the same facts as did the witness Ginn. He further testified, as follows:

"Q. Where is that search warrant? A. I tore it up.

"Q. Never made any return on it? A. No, sir.

"Q. Jessee, at that time did you know the reputation of his place as being a place where he handled that kind of stuff? A. We had a letter stating that— yes; the reputation was bad."

The state rested, and the defendant moved to strike all the testimony with reference to the search and seizure, for the reason that the same is incompetent, because the officers had no authority to search the place.

This motion was denied, and during the trial the question was saved for review by timely objections and exceptions.

Evidence obtained in violation of an accused's constitutional protection against unreasonable search and seizure under Const. art. 2, § 30, guaranteeing the security of the people and their right to be exempt in their persons, houses, papers, and effects from unreasonable search and seizure cannot be used as evidence against him upon his trial.

In Duncan v. State, 11 Okla. Cr. 217, 144 P. 629, it was held that under the statute (section 7013, C. S. 1921) no officer is authorized to search a private residence occupied as such or any portion thereof, unless it or some part of it was used as a store, shop, hotel, boarding house, or place of storage, or unless such residence is a place of public resort, and that no magistrate in this state has the power to issue a search warrant to search a private residence occupied as such, unless it is made clearly to appear that such private resi-

dence comes within the exceptions stated in said section. And see Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Russell v. State, 25 Okla. Cr. 423, 221 P. 113.

It follows that the search and seizure shown in this case was an invasion of the constitutional rights of the defendant, and the defendant's motion to strike should have been sustained. Assuming that the testimony was admissible, it was insufficient to show that the so-called choc beer was intoxicating liquor, or contained as much as one-half of 1 per centum of alcohol, measured by volume. Section 6999, C. S. 1921.

For the reasons stated, the judgment is reversed.

BESSEY, P. J., concurs.

EDWARDS, J., absent.