## W. W. PEARD v. STATE.

No. A-5190.   Opinion Filed Oct. 24, 1925.
(240 Pac. 158.)

Hoyt & Butler, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   The information in this case charged that in Dewey county, March 4, 1924, W. W. Peard, "did then and there knowingly, willfully, and unlawfully make and manufacture by a process of distillation, intoxicating liquor, to wit, whisky." On the trial, the jury returned a verdict finding him guilty as charged in the information, but failed to agree on the punishment.   April 12, 1924, the court rendered judgment and sentenced the defendant to pay a fine of $300 and be confined for ninety days in the county jail.

The errors relied on, and upon which the defendant asks for a reversal, are as follows: That the court erred in permitting the officers to testify as to evidence obtained by them under an unlawful search and seizure, and that the evidence is insufficient to sustain the verdict and the judgment rendered thereon.

The record shows that, prior to the trial, defendant filed a motion to suppress all the evidence in the case, on the ground that the affidavit upon which the search warrant issued does not comply with the law, in that it does not allege that such residence is used as a store, shop, hotel, boarding house or place of storage, or is used as a place

of public resort as provided in section 7013, C. S. 1921, and that said residence is described in said affidavit and warrant as follows: "S. ½ of Sec. 16-18 20, W. I. M. Dewey county"—and that said description does not state what township or range the said section is located in. Which motion was by the court overruled.

The evidence shows that on March 4th, C. C. Jones, sheriff, together with J. F. Watts and L. L. Libby, and two others went to the home of the defendant and made search of the premises, finding two barrels of "mash" buried in a shed, and a broken jar, two cream cans and a couple of jugs in the cellar of the house. These articles were introduced in evidence. All the evidence for the state was admitted over the objections of the defendant.

At the close of the case for the state the defendant moved to strike all the evidence, whether by way of exhibits or by way of testimony obtained by reason of the search, and to withdraw the same from the consideration of the jury, on the ground that the search was made in violation of his constitutional and statutory rights, which motion was overruled. Defendant then moved the court to direct or advise the jury to find a verdict of not guilty, upon the ground that the evidence in the case wholly failed to sustain the offense charged in the information, which motion was overruled.

On the part of the defense, the evidence shows that defendant is a farmer and stock raiser, and that the contents of the barrels found was hog feed; that the cans and jugs had had no whisky in them. Several witnesses qualified as character witnesses, and testified that defendant's reputation for being a law-abiding citizen was good. As a witness in his own behalf, the defendant denied that he had ever made or handled whisky; that he had lived on that farm about 25 years.

Under the statute (section 7013, C. S. 1921) no officer is authorized to search a private residence, occupied as such, unless it or some part of it is used as a store, shop, hotel, boarding house or place for storage, or unless such residence is a place of public resort, and no magistrate in this state has the power to issue a warrant to search a private residence, unless it is made to appear that such private residence comes within the exceptions stated in said section. Duncan v. State, 11 Okla. Cr. 217, 144 P. 629; Russell v. State, 25 Okla. Cr. 423, 221 P. 113; Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Williams v. State, 30 Okla. Cr. 39, 234 P. 781.

It follows that the search and seizure shown in this case was an invasion of the constitutional and statutory rights of the defendant, and that the evidence complained of was improperly admitted.

Assuming that the testimony was admissible, it was insufficient to sustain the offense charged.

For the reasons stated, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.