## G. W. HOWELL v. STATE.

No. A-5227.   Opinion Filed Feb. 27, 1926.
(243 Pac. 997.)

Geo. W. Martin, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. The plaintiff in error, here designated the defendant, and his son were jointly charged with the illegal possession of whisky. The son was acquitted, and the plaintiff in error was by the verdict of the jury found guilty, with his punishment fixed at confinement in the county jail for 30 days and to pay a fine of $50.

The defendant was a farmer, owning or having under his control 400 acres of land in Kiowa county. On this land was the residence where he lived. Near the residence was a tenant house, or house occupied by a laborer employed by the defendant. Certain deputy sheriffs went to these premises, armed with a search warrant predicated upon the following affidavit:

"T. P. Shaddock, being first duly sworn, on his oath deposes and says that he has probable cause for believing and does believe that intoxicating liquor is being sold, bartered, given away or otherwise furnished, or is being kept for the purpose of selling, bartering, giving away or otherwise furnishing said intoxicating liquors, in violation of the act of the Legislature approved March 24, 1908, in the following described premises located in Kiowa county, state of Oklahoma, to wit: Southeast quarter of section 15, township 5, range 15, being the property of G. W. Howell.

"Wherefore affiant prays that a search warrant may be issued directly to the sheriff of said county, commanding him to search the above-described prem-

ises and seize all liquors found therein, as provided by law.

"T. P. Shaddock."

Pursuant to a search warrant issued upon authority of this affidavit, these deputy sheriffs searched the two houses and the adjacent premises and found in the garret or loft of the tenant house six gallons of whisky. While the officers were pursuing further investigations on other portions of the premises and in the adjoining fields, some person poured the whisky out of the containers seized. During the search the farm laborer who occupied a portion of this tenant house disappeared and was never apprehended. Other portions of this tenant house were used by the defendant as a dairy and feed house where he had a cream separator, some corn, and ground grain. To effect their entrance into the loft of this house, the officers pried off a board nailed over an opening into the loft.

The defendant denied having any knowledge of the presence of whisky in this house. There was testimony by a number of neighbors that the defendant had resided there many years and they never knew of his being engaged in dispensing intoxicating liquor, and that his reputation in that regard was good.

Upon the subject of affidavits for seach warrants, our statutes, section 2879, Comp. Stat. 1921, provides:

"The magistrate must, before issuing the warrant, take, on oath, the complaint of the prosecuting witness in writing, which must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist."

The statutes, as well as sound reason, require that a showing of "probable cause" in an affidavit for a search warrant must be supported by some evidential fact or facts, and that an affidavit stating a mere con-

clusion of belief is insufficient to give the court or magistrate jurisdiction to issue the warrant. And where timely objection is made, evidence obtained by an illegal search and seizure is inadmissible. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Russell v. State, 25 Okla. Cr. 423, 221 P. 113; Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Hannan v. State, 29 Okla. Cr. 203, 223 P. 249; Reutlinger v. State, 29 Okla. Cr. 290, 234 P. 224. The affidavit for a search warrant should be such as would enable one who has been injured by a false affidavit to prosecute the maker for perjury, which could not be successfully done where the affiant stated a mere belief. The affidavit and search warrant were insufficient to authorize a search of the defendant's home and other buildings within the curtilage as not being in compliance with section 7013, Comp. Stat. 1921, which reads as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

"Where officers approach a home and state to the owner that they have come to search his premises and have a search warrant for that purpose, the failure of the owner to demand that the search warrant be exhibited and read constitutes no waiver of an unauthorized or invalid search and seizure. Where there is no express or implied invitation to proceed with the search, none will be presumed. Under such circumstances, it is not necessary for the person whose premises are being illegally searched to make any aggressive or express objections to avoid a waiver.

The evidence implicating the defendant was not conclusive, but in view of the insufficiency of the affida-

vit for the search warrant it is not necessary to pass upon the sufficiency of the evidence.

The cause is reversed and remanded.

DOYLE and EDWARDS, JJ., concur.