## FRED FRANKLIN v. STATE.

No. A-5504.  Opinion Filed May 15, 1926.
(246 Pac. 889.)

E. E. Ammons, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. The plaintiff in error was found guilty of the illegal possession of a quantity of mash fit for distillation, with his punishment fixed at a fine of $50 and 30 days in jail.

The evidence in this case was procured by means of a search and seizure made in the nighttime at the home of the plaintiff in error. The search warrant was predicated upon the following affidavit:

"Now comes Clyde Hawkins and informs the court that he has good reason to believe that one F. T. Franklin has in his possession and stored away on his premises located at Ryal township in ———, Okla., and known as ——— house, intoxicating liquors being kept for the purpose of unlawfully selling, giving away or otherwise unlawfully disposing of the same. Wherefore said affiant asks that a search warrant be issued and that said intoxicating liquors be brought before me to be disposed of according to law."

This court has held in numerous cases that where the affidavit for a search warrant states no evidential facts, but merely the belief of the affiant, the magistrate has no jurisdiction to issue a search warrant predicated upon such affidavit. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Russell v. State, 25 Okla. Cr. 423, 221 P. 113; Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Hannan v. State, 29 Okla. Cr. 203, 233 P. 249; Reutlinger v. State, 29 Okla. Cr. 290, 234 P. 224; Howell v State, 33 Okla. Cr. 292, 243 P. 997.

Where officers armed with such a void search warrant go to the home of the person named in the warrant and there awaken the accused after he has retired for the night informing him that they have come to search his premises and that they have a search warrant, and the accused in reply to their statement says, "Go ahead and search," the failure of the accused to resist or protest under such circumstances does not constitute a waiver of his right to immunity from an unauthorized search

and seizure. His permission to them to go ahead amounts to no more than a declaration that the accused assumes that the officers have legal authority to act, indicating a commendable inclination to let the law take its course, as distinguished from cases where the person suspected tells the officers that no search warrant is needed and to go ahead.

The cause is reversed, with instructions to dismiss.

DOYLE and EDWARDS, JJ., concur.