## MAY VICE v STATE.

No. A-5637.    Opinion Filed Dec. 18, 1926.
(251 Pac. 509.)

D. E. Ashmore and A. W. Anderson, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.  The information in this case charges that on May 21, 1924, May Vice did have in her possession one half pint of whisky and four gallons of Choctaw beer with the unlawful intent to sell the same.  On the trial the jury returned a verdict of guilty as charged and assessed the punishment at a fine of $250 and confinement in the county jail for 90 days.  To reverse the judgment appellant assigns as error the insufficiency of the affidavit upon which the search warrant issued and the invalidity of the search warrant under which all the evidence offered by the state was obtained.  The state relied for this conviction on the testimony of George Luttes and William Boots, deputy sheriffs, admitted over defendant's objection that it was obtained by an unlawful search.

To understand defendant's contention it is necessary to refer to the evidence.

Officer Luttes testified:

"I went into the house.  The children were in the kitchen.  I asked them where their mother was, and they said in the other room.  I went into the room where Mrs. Vice was, and I told her I wanted to look the place over, she said, 'Go ahead.'  I had a search warrant but she didn't require it.  I found a pint bottle about half full of whisky in the buffet drawer and a four-gallon stone churn full of Choctaw beer in the kitchen.  I judge from the smell that it was intoxicating.  I don't think the search warrant was mentioned."

William Boots testified:

"I didn't go at the same time that Mr. Luttes did; he

went there ahead of me. I made the affidavit for the search warrant. Mr. Luttes had the search warrant; I didn't know whether we used it or not."

Witness identified the affidavit made and verified by him on which the search warrant was issued, which, omitting formal parts, reads as follows:

"Before me, a justice of the peace in and for said county, personally appeared C. W. Boots, who, being duly sworn, states: That he has probable cause for believing and does believe that certain quantities of intoxicating liquors are being kept for the purpose of sale, barter, giving away, and otherwise furnishing, and are being sold, bartered, given away, and otherwise furnished unlawfully by May Vice in the residence used and occupied by her as a residence located on South Fourth street, in the city of Henryetta, said intoxicating liquors consisting of whisky in bottles and barrels, wine in bottles and barrels, beer in jugs, bottles and barrels, alcohol in casks, jugs, bottles, and barrels and other vessels, containing intoxicating liquors. Wherefore your affiant prays that a warrant issue for the search of said premises and for the seizure of said intoxicating liquors. [Signed] C. W. Boots."

At the close of the evidence for the state defendant asked the court to direct the jury to return a verdict of acquittal, which the court refused to do.

Section 39, art. 2, Constitution, providing that no warrant shall issue but upon probable cause, supported by oath or affirmation, requires the affidavit to state facts sufficient to satisfy the magistrate that probable cause exists for issuing the warrant.

In Whitehead v. State, 28 Okla. Cr. 193, 230 P. 291, we held that a search warrant predicated on mere information and belief is insufficient. There must be a showing under oath setting out facts showing probable cause.

Under the statute (section 7013, C. S. 1921), no officer is authorized to search a private residence, occupied

as such, unless it or some part of it is used as a store, shop, hotel, boarding house, or place of storage, unless such residence is a place of public resort; and no magistrate in this state has the power to issue a search warrant to search a private residence unless it is made to appear that such private residence comes within the exceptions stated in said section. Duncan v. State, 11 Okla. Cr. 217, 144 P. 629; Russell v. State, 25 Okla. Cr. 423, 221 P. 113; Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Williams v. State, 30 Okla. Cr. 39, 234 P. 781; Peard v. State, 32 Okla. Cr. 95, 240 P. 158.

There are other errors discussed in the brief, but they may be covered by the general observation that an officer seeking the enforcement of one law should not violate another to accomplish his purpose. The constitutional rights of the defendant and the established law for enforcing those rights must be respected.

It follows from what has been said that the search and seizure shown in this case was an invasion of the constitutional and statutory rights of the defendant As evidence obtained by an illegal search is not admissible, the trial court should have excluded such evidence from the jury, and should have sustained the defendant's motion for a directed verdict on the further ground that if the testimony was admissible it was insufficient to sustain the offense charged.

Judgment reversed, with directions to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.