## O. O. SPRINKLE v. STATE.

No. A-5634.   Opinion Filed Dec. 23, 1926.
(251 Pac. 614.)

W. R. Withington, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of having illegal possession of intoxicating liquor and was sentenced to pay a fine of $100 and to serve six months in the county jail. Certain officers in Ardmore procured a search warrant and searched the residence of defendant and found a quantity of "choc beer," some bottles, and caps.   The affidavit upon which the search warrant was issued, omitting formal parts, is as follows:

"* * * W. C. Keirsey, being duly sworn, says that

O. O. Sprinkle, on the 6th day of June, A. D., 1924, in the county of Carter and State of Oklahoma, did then and there unlawfully have in his possession, with intent to sell or otherwise dispose of the same, in violation of law, certain intoxicating liquor, to wit, corn whisky, and the property of the said defendant, O. O. Sprinkle, and that he, the said W. C. Keirsey, suspects that said property is concealed in his residence and about his premises located at Hargrove street, Ardmore, Okla. W. C. Keirsey. * * * "

Before entering upon the trial, the defendant moved to exclude the evidence obtained by the search warrant as having been issued upon an insufficient affidavit. The motion was overruled. This was error. The search warrant was illegal for two reasons:

First. It was issued upon a mere belief or suspicion. It was held in the case of Miller et al. v. State, 34 Okla. Cr. 103, 245 P. 68, that a search warrant issued upon an affidavit almost verbatim to that here involved was illegal.

It was illegal for the further reason that it is in direct violation of section 7013, Comp. Stat. 1921, which is:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

It will be observed that the affidavit above set out does not state that any part of the residence of defendant is used as a store, shop, hotel, or boarding house, or place for storage, or is a place of public resort. The courts are not at liberty to violate this plain requirement of the law.

The case is reversed and remanded, with instructions to dismiss.

BESSEY, P. J., and DOYLE, J., concur.