## CHARLES HALEY v. STATE.

No. A-5786. Opinion Filed Jan. 8, 1927.
(252 Pac. 71.)

Wright, Gill & Ramsdale, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of having intoxicating liquor, and was sentenced to pay a fine of $500 and to serve 6 months in the county jail.

The defendant, a married man, with his wife and family, resided in a building at Wright Station. On February 17, 1925, certain officers with a search warrant went to this residence, made a search, and found some 15 gallons of whisky in the upstairs in the residence and a pint bottle down stairs. Before the trial, a motion to suppress the evidence because the search was illegal was interposed and overruled. Objection was renewed during the trial. Section 7013, Comp. Stat. 1921, forbids the search of a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort, and these exceptions or some one of them must appear in the affidavit for the search warrant. Sprinkle v. State, 36 Okla. Cr. 36, 251 P. 614; Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Williams v. State, 30 Okla. Cr. 39, 234 P. 781.

The affidavit upon which the search warrant was issued in this case does not directly and in the language of

the statute allege any of the exceptions named, but it does allege, in substance, that the residence was a place of storage, by setting out and describing considerable property alleged to be stored at said residence. It would be better pleading to allege the exceptions named in the statute in the terms of the statute, but the allegation made is sufficient.

Complaint is further made that the punishment imposed, being for a first offense, is excessive. This, we think, is true. The judgment is modified to a fine of $200 and to imprisonment in the county jail for a term of 60 days, and, as modified, the judgment is affirmed.

BESSEY, P. J., and DOYLE, J., concur.