GRACE THOMPSON et al. v. STATE.

No. A-6102. Opinion Filed Oct. 1, 1927.
(259 Pac. 663.)

Hill & Criswell, for plaintiffs in error.

The Attorney General, for the State.

DOYLE, P. J.   The appellants were jointly tried and convicted on an information charging that they did have in their possession 35 bottles of Choctaw beer, said beer containing more than one-half of 1 per cent. of alcohol measured by volume, and in accordance with the verdict of the jury were each sentenced to pay a fine of $75 and to be confined in the county jail for 45 days.   To reverse the judgment they appeal.

The record shows that when the case was called for trial appellants filed a motion to suppress the evidence, because the same was obtained by an unlawful and unauthorized search of their home.   In support of the motion, J. R. Robertson, undersheriff, testified that he participated in the raid upon the home where the defendant lived; that there was a search warrant, but he did not have it, and did not know whether any affidavit had been filed or not.

Both defendants testified that they were not at home that afternoon when the officers raided their home.

Paul Kemp testified that he works in the oil fields from 12 o'clock at night to 12 in the day time, and rooms with the defendants, and was there when the officers came and searched the place; that nothing was said about a search warrant.

Grady Nelms testified that he was constable of Brown township and went to the Homer Deggs' place for the purpose of making a raid with Undersheriff Robertson; that he had a search warrant issued by Judge Chastain on an affidavit made by him; that he found a man on the place and asked him where the girls were, and he said they were gone, and he gave the search warrant to the man. That these ladies, the defendants, were supposed to be running the place.

At the close of the evidence for the state, the defendants each moved the court to instruct the jury to find her not guilty. They were both overruled.

In rebuttal, R. N. Chastain testified that he was justice of the peace of Brown township, Seminole county; that he did not on the day alleged issue a search warrant for the home and premises of these defendants; that he had examined his records, and there was no record of having ever issued any search warrant for this place.

The only affirmative testimony as to a search warrant is that of the witness Nelms, constable of Brown township.

In view of the testimony of R. N. Chastain, justice of the peace of Brown township, that no affidavit for a search warrant was made as testified by Constable Nelms, and that he did not issue a search warrant for the home of these defendants, and the fact that no return was made by the officers of the execution of a search warrant, and the further fact that there was no competent evidence tending to show that the bottles seized contained

intoxicating liquor, we think the motions for a directed verdict should have been sustained. Smith v. State, 33 Okla. Cr. 392, 246 P. 1109; Howell v. State, 33 Okla. Cr. 292, 243 P. 997; McClary v. State, 34 Okla. Cr. 403, 246 P. 891.

The judgment of the lower court is accordingly reversed and the case remanded, with direction to dismiss.

EDWARDS and DAVENPORT, JJ., concur.