EDWARD LOVELESS et ux. v. STATE.

No. A-6562.  Opinion Filed May 18, 1929.
(277 Pac. 672.)

Wright & Gill, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, hereinafter called the defendants, were convicted of possession of intoxicating liquor with intent to barter, sell, give away, and otherwise furnish the same to divers persons unknown, and the defendant Ed Loveless' punishment was fixed at a fine of $500 and confinement in the county jail for a period of six months; the punishment of Mrs. Ed Loveless was fixed at a fine of $50 and confinement in the county jail for a period of 30 days. Motion for new trial was filed, overruled, and both defendants have appealed to this court.

The state to sustain the allegations in the information called H. O. Brown, the substance of whose testimony is as follows:

"I am a deputy sheriff; I know the defendants Mr. and Mrs. Ed Loveless; I went to their place about the 20th of March, A. D. 1926; Mr. Lindsay went with me."

"Mr. Gill: At this time we object to the introduction of any evidence in this case, for the reason it was obtained, if any was obtained, by reason of an unlawful search and seizure, and in support of this objection we offer in evidence defendants' exhibits A and B, being the search warrant and application for the search warrant.

"The Court: Overruled at this time.

"Mr. Gill: Exceptions."

"I went out there with W. P. Lindsay and Chester Abbott. Mr. Lindsay went to the front door, I went to the rear, and I think Chester Abbott went to the front door with Mr. Lindsay. I went to a little window and saw Mrs. Loveless in there. I then went to the kitchen door, Mr. Loveless was standing in the dining room; Mr. Loveless said, 'Don't go into the bathroom, my wife is taking a bath.' I then heard a bottle break, and I immediately kicked in the door and went in. I took a quart of watery substance from the bathtub for analysis and turned it over to a chemist. We preserved pieces of the vessels broken. There were two one-gallon jugs that had been broken."

It was agreed by both state and defendants that if the chemist was present he would testify that the analysis showed 19.85 per cent. alcohol.

On cross-examination the witness stated that the place where he made the arrest was the private residence of the defendants; that he went to the back porch of the residence and tore down the screen and entered the porch, and he believes they broke into the back door of the house; "I put my shoulder or my foot against it and kicked the back door in; I heard a bottle break; I was in the kitchen when I heard the second bottle break."

W. P. Lindsay testified, in substance, to the same facts as did the witness H. O. Brown. On cross-examination Lindsay stated Mr. Loveless told him he did not have more than two gallons of whisky. "I looked up the phone directory and the phone was in the name of Lee." The county attorney asked the witness what he knew about the place the defendants were living in, was it a private residence or a place of business, and he answered, "I would take it to be a bootlegging joint and place of business." This was objected to by defendants, and the objection sustained by the court and the jury instructed not to consider the statement. The witness stated he did not know from whom the defendant was renting the house; all he knew was that the phone was in the name of Lee. This is in substance the testimony on behalf of the state.

At the close of the state's testimony the defendants, and each of them, moved to strike from the record the testimony introduced by the state, for the reason that the same was secured in violation of the constitutional rights of the defendants.

"The Court: At this time the court overrules the motion.

"Mr. Gill: Exceptions."

The defendants then demurred to the evidence introduced on the part of the state, for the reason the same is insufficient to establish the allegations to the information, which demurrer was overruled and defendants excepted.

Mrs. Loveless, one of the defendants, was called as a witness, and testified she was the wife of Ed Loveless; she was living with him at the time the officers made the raid on their residence; that she broke some bottles when

the officers came in; "my husband told me to break them; we had some whisky around there for our own use; we had lived in Oklahoma City about six years." The county attorney on cross-examination continued to ask the witness questions as to whether or not, when the officers were at their place previous to this time, when they lived on Tenth street, they beat anybody up. This was objected to by the defendant and the court sustained the objection. The witness stated she saw Mr. Lindsay before she went into the bathroom; they broke the screen door in, and the rear door, coming into the house. The county attorney then asked the witness if it was not a fact that the officers took from their house about 700 gallons of mash and a still, on Tenth street, before they moved to the place where they were living when the officers made the search on which the prosecution is based. The defendants objected, and the court inquired of the county attorney if he was asking that question to lay a predicate for impeachment of the witness, and the county attorney replied, "Yes," requiring the county attorney to fix the time and place. The county attorney then repeated the question fixing the place, but did not fix the time. The witness stated that the officers found a still and something like 15 barrels of mash; witness stated the phone was in E. J. Lee's name for the reason that when they lived on 10th street they owed a phone bill and the phone could not be connected up without paying the bill. She stated they had the residence rented, and that she paid the rent, and that the parties gave her a receipt. This is in substance the testimony of the defendant.

At the close of the testimony of the defendant, Mrs. Ed Loveless moved the court to instruct the jury that in his opinion the evidence was insufficient to warrant the jury to return a verdict against her. The motion was de-

nied. The parties then agreed that the court could instruct the jury orally, which was done.

Several errors have been assigned by the defendants alleged to have been committed by the trial court. The first assignment urges that the court erred in admitting the evidence secured by the search of a private residence on a complaint made on information and belief.

The defendants set out in full the application made by W. P. Lindsay to secure the search warrant to search the premises of the defendants. The charging part of the affidavit, omitting the caption, prayer and jurat, is as follows:

"I, W. P. Lindsay, being first duly sworn, depose and say, that in Oklahoma County, in the State of Oklahoma, on the 20th day of March, 1926, Ed Loveless, alias Ed Lee and Mrs. Lee, in certain buildings and premises described as follows, to-wit: A one story frame house and outbuilding located at 609 North Brauer St., in Oklahoma City, in said County and State, did then and there unlawfully and willfully have in his possession and under his control, and did then and there unlawfully keep and does now unlawfully have in his possession and under his control, and does keep intoxicating liquors, described as wine, whisky, beer and other spirituous, fermented and malt liquors, a more particular description of which this affiant cannot give, and certain personal property, fixtures and furniture, consisting of bars, glasses, jugs, bottles and other furniture, containers and fixtures, a more particular description of which this affiant cannot give, used for same.

"That the said persons are still willfully and unlawfully keeping the said property and intoxicating liquors above described for the purpose and with intent to violate

the Laws of the State of Oklahoma, and that they are used in and about the business of keeping a place where intoxicating liquors are willfully and unlawfully sold, and all of the said above described devices, furniture, fixtures and appliances are being used by said persons in aid of said unlawful business.

"And the affiant further says that the above named persons, at the said place and in said building, are now engaged in the business of keeping a place where intoxicating liquors are sold, given away and otherwise furnished to divers persons whose names are to this affiant unknown, in violation of the prohibitory laws of said State of Oklahoma, and are using all of the above described property in connection with and in aid thereof.

"Affiant further states that he has been informed by a reliable resident of the neighborhood that whisky is being kept and sold on the premises, that divers persons congregate there for the purpose of buying intoxicating liquor; that said Loveless has been arrested by affiant in possession of a still, and that to his best information said Loveless is still making and selling intoxicating liquor, said premises in possession of said Loveless have become a place of public resort."

The defendants insist that the allegations in this affidavit are not sufficient in law to warrant the officer in using the search warrant to search his private residence.

Section 7013, C. O. S. 1921, provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

The question to be determined by this court is the question as to whether or not the affidavit and application, upon which the search warrant in this case is issued, contained the necessary allegations to be set forth in an affidavit to secure a search warrant to search the private residence of the defendants.

This court has repeatedly held that a search warrant for a private residence, where the affidavit did not contain any of the statutory requirements, the warrant is invalid and void. There is no positive statement in the affidavit as to any one of the facts necessary to be stated to secure a search warrant. The necessary allegations should be:

First, that the residence or some part of it is used as a store,

Second, a shop,

Third, a hotel,

Fourth, a boarding house,

Fifth, a place for storage, or

Sixth, a place of public resort.

Neither of these allegations are contained in the affidavit. The affiant says that he is informed that said premises in possession of Loveless have become a place of public resort.

In Duncan v. State, 11 Okla. Cr. 217, 144 Pac. 629, this court, after citing sections 3615 and 3616, Revised Laws 1910, says:

"Under these sections of the law a search warrant cannot be lawfully issued, and no officer can lawfully enter and search the private residence of anyone unless

such residence is a place of public resort, or it or some portion of it is used as a store, or as a shop, or as a hotel, or as a boarding house, or as a place for storage."

There is not a line in the testimony in this entire record that any of the conditions required by the statute attached to the home of these defendants, and not a line of proof in the record, to indicate that any such condition existed. The proof in the record shows they had whisky in the house when Officer Brown broke in the back door, and Officer Lindsay came in the front door; one of the defendants broke a container in which the whisky was into the bath tub and officers got a part of the contents and had it analyzed, the analysis showing that it was 19.85 per cent. alcohol; but no one testified there was anything further in the home to indicate that it came within any of the requirements of the statute before a warrant should issue to search the residence of the party.

In Duncan v. State, supra, the court further said:

"No officer has a lawful right to search any such residence, even though he possesses such warrant, unless such conditions, or some of them, exist in the habitation at the time the search is to be made. No man, be he officer or otherwise, is permitted to ruthlessly invade the sacred rights of any home, however humble, unless he is clearly within the law. The home of the American citizen is his castle supreme, and he who dares invade the sanctity thereof does so at his peril."

We hold that the affidavit in this case does not contain the necessary allegations upon which to predicate a search warrant to search the residence of the defendants, and that the objections of the defendants to the introduction of the testimony procured by reason of the search warrant the officers claim to have, should have been sustained.

There are other errors assigned by the defendants which have merit, but the view we take of this record is it is not necessary to discuss them.

There being no competent testimony to sustain the judgment, the cause is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.