### TOM MOFFITT v. STATE.

No. A-7335.   Opinion Filed May 2, 1930.
(287 Pac. 736.)

See, also, 45 Okla. Cr. 440, 283 Pac. 1027.

Hugh A. White, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of having possession of intoxicating liquor, to wit, a liquor commonly known as home-brew, capable of being used as a beverage, with the unlawful intent to violate the prohibition laws, and was sentenced to pay a fine of $50 and costs, and be imprisoned in the county jail for a period of 30 days.   From which sentence and judgment the defendant has appealed.

The testimony on behalf of the state tends to show that the officers went to the home of the defendant and searched the same, and found a quantity of liquor desig-

nated by the officers as home-brew. The officers testified that it was intoxicating, some of them say they tasted it, and others say they drank a small quantity of it.

When the case was called for trial, the defendant moved to suppress all the testimony secured by the officers on the ground that it was secured by an unlawful search and seizure; that the search warrant under which the search was conducted was illegally and unlawfully issued and served; and for the further reason that the place searched was the place of residence of the said Tom Moffitt. The defendant further moved the court to suppress the evidence of the witness Sid Huddleson and any other witness in regard to anything that may have come to their knowledge by reason of the search of the premises. These motions were heard and overruled by the court, and the defendant duly excepted.

The defendant has assigned the overruling of his motion to suppress this evidence as the ninth assignment of error. All of the testimony shows that whatever the officers found they found in the home occupied by the defendant and his family, in the city of Holdenville. The defendant insists that the affidavit upon which the search warrant was predicated was insufficient to authorize the officers in the search of his residence occupied by him as such. The affidavit for the search warrant, omitting the caption, prayer, and jurat, is as follows:

"I, M. C. LaValley, having first been duly sworn, upon oath depose and say: That I have reason for believing, and do believe, that the following Tom Moffitt in violation of the prohibitory laws of the State of Oklahoma.

"That said intoxicating liquors are kept by the above named Tom Moffitt upon his premises, in his house, barn or other outbuildings, or is secreted upon or about his

place upon the following described lands in Hughes county, Okla., to wit:

"Lots 18, 19 and 20, Block 52, Original Town of Holdenville, Hughes county, Okla.

"The reasons for my belief as aforesaid, are: This affiant knows, of his own personal knowledge, the general reputation of the premises above described, as being a place of public resort, where people go in the day time and in the night time and buy and drink intoxicating liquors, and that reputation is bad; This affiant knows the general reputation of the above named Tom Moffitt as being a person who keeps in his possession intoxicating liquors with the unlawful intent of him the said Tom Moffitt to sell the same and furnish the same to others and that reputation is bad; This affiant personally has watched said premises in the day time and night time and has seen people going to and coming from said premises, said persons being to this affiant known users of intoxicating liquor; and this affiant further says that the said Tom Moffit is an old offender, so far as violating the prohibition law is concerned, and has been convicted heretofore in the courts for such offense."

Section 7013, C. O. S. 1921, is as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

It is urged by the defendant that the affidavit does not contain the proper allegations to authorize the officer to predicate a search warrant upon for the purpose of searching his home occupied as such, and there is no statement in the affidavit complying with the requirements of the statute, section 7013, supra. We agree with the defendant's contention. There is no statement in the affidavit required by the said section, and the search made by the officers under the said search warrant

was without legal authority, the affidavit not containing the statutory allegations necessary to search the home of the defendant; there being no positive statement in the affidavit that the defendant's residence was used as a store, shop, hotel, boarding house, or place for storage, nor that the said residence was a place of public resort.

In Sprinkle v. State, 36 Okla. Cr. 36, 251 Pac. 614, in the second paragraph of the syllabus, the court said:

"An affidavit for a search warrant to search a private residence is invalid, unless it is made to appear by such affidavit that the private residence occupied as such, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or is a place of public resort. A search of a private residence, made upon authority of a search warrant based on such affidavit, which does not contain such allegation, is illegal." Vice v. State, 36 Okla. Cr. 18, 251 Pac. 509.

In Loveless et al. v. State, 43 Okla. Cr. 146, 277 Pac. 672, in the second paragraph of the syllabus, this court held:

"No officer has a lawful right to search any private residence, even though he possesses a search warrant issued by a magistrate, unless the conditions, or some one of them, referred to in section 7013, C. O. S. 1921, exist in the habitation at the time the search is to be made."

We hold that the motion of the defendant to suppress the evidence was well taken, and the court erred in not sustaining the same. Other errors are assigned, but, for the reasons herein stated, it is not deemed necessary to consider them. The case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.