## STEVE JORDAN v. STATE.

No. A-7642.   Opinion Filed Dec. 13, 1930.
(294 Pac. 209.)

Percy Powers, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of manufacturing intoxicating liquor, and his punishment fixed at imprisonment in the county jail for 30 days and

a fine of $50. From the judgment the defendant has appealed to this court.

The defendant filed a demurrer to the information, in which he states the allegations do not constitute an offense against the laws of the state; which demurrer was overruled and the defendant duly excepted. When the case was called for trial, the defendant dictated into the record an oral motion to suppress the evidence obtained by reason of the search of the defendant's premises, on the ground that the affidavit for the search warrant, and the search warrant was wholly insufficient, for the reason that there is no allegation in the affidavit for the search warrant that the home place and residence of the defendant, or any part of it, was used as a store, shop, hotel, boarding house, or place for storage, or that such residence was a place of public resort, as provided by section 7013, Comp. Stats. 1921; and for the further reason that the search warrant issued on the 24th day of August, 1928, which the defendant offers in evidence as "Exhibit B," fails to charge or state that the residence and the home place of Steve Jordan was used as a store, shop, hotel, boarding house, or place for storage, or that any particular part was used for such purposes. The affidavit to obtain the search warrant was marked "Exhibit A," and the search warrant was marked "Exhibit B," and introduced by the defendant in support of his motion to suppress the evidence secured against him.

From a careful reading of the affidavit we fail to find any statement in the affidavit that the home place and residence of the defendant, or any part of it, was used as a store, shop, hotel, boarding house, or place for storage, or that such residence was a place of public resort. The motion to suppress the evidence was overruled and defendant duly excepted. The case was called for trial and a

verdict of guilty returned against the defendant, fixing the punishment at a fine of $50 and confinement in the county jail for 30 days.

It is not deemed necessary to set out the testimony, or to further discuss the testimony in this case.

The defendant assigns several errors alleged to have been committed by the trial court, but the only one we deem necessary to consider is the third assignment, that the court erred in admitting certain incompetent, irrelevant, and immaterial testimony over the objection of the defendant. This objection relates to the testimony that was secured by the officers having a search warrant based upon an affidavit which does not state the statutory requirements to search the defendant's home.

When the defendant's motion to suppress the testimony was considered, the jurors were excluded from the courtroom, and the court after hearing the argument overruled the motion and defendant duly excepted.

Section 7013, C. O. S. 1921, is as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

It is urged by the defendant that the affidavit did not contain the proper allegations to authorize the officer to predicate a search warrant upon to search his home occupied as such. There is no statement in the affidavit complying with the statute, section 7013, supra. We agree with the defendant's contention that there is no statement in the affidavit required by the said section, and the search made by the officers under the said search warrant was without legal authority, the affidavit not containing the

allegations necessary to search the home of the defendant, there being no positive statement in the affidavit that the defendant's residence was used as a store, shop, hotel, boarding house, or place for storage, or that the said residence was a place of public resort.

In Sprinkle v. State, 36 Okla. Cr. 36, 251 Pac. 614, in the second paragraph of the syllabus, the court said:

"An affidavit for a search warrant to search a private residence is invalid, unless it is made to appear by such affidavit that the private residence occupied as such, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or is a place of public resort. A search of a private residence, made upon authority of a search warrant based on such affidavit, which does not contain such allegation, is illegal." Vice v. State, 36 Okla. Cr. 18, 251 Pac. 509; Loveless v. State, 43 Okla. Cr. 146, 277 Pac. 672; Moffitt v. State, 47 Okla. Cr. 234, 287 Pac. 736.

The motion of the defendant to suppress the evidence was well taken and the court erred in not sustaining the same.

Other errors are assigned and argued, but for the reason herein stated it is not deemed necessary to consider them.

The judgment of the lower court is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.