## W. F. HERRON v. STATE.

No. A-6184.  Opinion Filed March 20, 1928.
(265 Pac. 147.)

Eaton & Cavanaugh, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.  Plaintiff in error, W. F. Herron, was sentenced to serve a term of 6 months in the county jail and to pay a fine of $500 for the unlawful possession of intoxicating liquor.  To reverse the judgment he appeals.

The evidence shows that on the day alleged, under authority of a search warrant, four officers visited defendant's home, a little south and east of Kusa, and searched the house and premises.

When the case was called for trial, the defendant objected to the introduction of any testimony being given by the officers whose names are indorsed on the information, for the reason that the search and seizure was made by these officers under a void search warrant, issued upon an affidavit which was legally insufficient.  In support of the motion the affidavit and search warrant were offered in evidence, which motion was overruled.

M. L. Lairmore, deputy sheriff, testified that he laid the search warrant on the table, and the defendant said, "You have me, you don't need it.".

E. T. Mitchell, deputy sheriff, testified that when they entered the house Lairmore said, "I have a search warrant," and the defendant said, "You don't need it for me."

The court in its instructions to the jury stated that the search warrant introduced in evidence in this case, being based upon an insufficient affidavit, is void, and that the search and seizure made thereunder would be in violation of the constitutional and statutory rights of the defendant, but further instructed the jury that, if the officers, without using any coercion upon the defendant, were invited into his home by the defendant voluntarily and authorized to make a search, a search and seizure made under and by virtue of such invitation would be legal and the evidence procured thereby would be admissible.

Upon the undisputed facts it appears that the search and seizure in this case was an unlawful trespass, and the statement by the defendant as testified to by the officers did not constitute a waiver of his constitutional and statutory rights.

In the case of Smith v. State, 34 Okla. Cr. 434, 246 P. 1109, it is said:

"There is much conflict of authority as to what constitutes a waiver of defendant's constitutional rights in search and seizure cases. We think the rule supported by reason and the weight of authority requires the state, where objection is properly made, to show that defendant waived his constitutional rights by freely and voluntarily consenting to the search."

And in the Smith Case it is held:

"A statement by defendant when officers showed her a liquor search warrant to 'go ahead and search' did not waive defendant's constitutional rights, where the search

warrant was unlawfully issued, since it is not to be construed as an invitation to search the premises, but rather as a statement of the intention not to resist search under the warrant."

On the authority of the Smith Case and the cases cited, the judgment of the lower court is reversed and the cause remanded, with directions to dismiss.

EDWARDS and DAVENPORT, JJ., concur.