## EVA BAYNE et al. v. STATE.

No. A-6435. Opinion Filed Feb. 16, 1929.
(274 Pac. 694.)

82

Walter Mathews, for appellants.

Roscoe Cox, Co. Atty., for the State.

CHAPPELL, J.  The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Lincoln county on a charge of having possession of a still

and worm so made and assembled as to be capable of making and manufacturing whisky.

The information properly charges that the defendants did, in Lincoln county, wilfully, unlawfully, and wrongfully, have possession of a still and worm, an appliance made and set for the manufacture of whisky, and said still being so made and assembled as to be capable of making and manufacturing whisky.

The only evidence offered in this case against the defendants was obtained upon a search warrant issued on the following affidavit:

"Now on this 6th day of June, 1926, before me the undersigned L. H. Wray, justice of the peace within and for said county and state, personally appeared M. T. Ridpath, of lawful age, who being first duly sworn, on his oath says, that the following described property, to-wit: northwest quarter of section number three, township sixteen, range five east in Lincoln county, state of Oklahoma, is now being frequented and has been frequented for some time past, by persons who are known by affiant to be addicted to the use of intoxicating liquor as a beverage; that persons who are generally reputed to be bootleggers and gamblers loiter around said place at all times of the day and at late hours of the night; that men are frequently seen around said place in an intoxicated condition and said place is commonly reported to be a place where intoxicating liquors are kept for sale in violation to the Constitution and statutes of the state of Oklahoma; that A. S. Bain * * * that affiant verily believes that spirituous, vinous, or fermented, or some imitation thereof or substitute thereof, are being kept therein by A. S. Bain to be sold, bartered, and given away and otherwise furnished to other persons in violation of the Constitution and laws of the state of Oklahoma prohibiting the sale or otherwise furnishing of such liquors.

"Wherefore affiant prays the court that a warrant may issue, direct to M. T. Ridpath commanding him to forthwith search said premises and to seize all sprituous, vinous, malt and fermented liquors, or any substitute thereof or imitation thereof that may be found therein,

together with the vessels in which they may be contained and the implements, fixtures and furniture which may be found therein and used and kept for such illegal sale, barter, giving away or otherwise furnishing of such liquors, and to safely keep the same and to make return of said warrant within three days showing all the acts and things done thereunder.    M. T. Ridpath.

"Subscribed and sworn to before me this 6th day of June, 1926.    L. H. Wray,
"Justice of the Peace."

A search warrant was issued upon this affidavit as follows:

"State of Oklahoma, to M. T. Ridpath, Greeting.

"Proof by affidavit having been this day made before me, showing that spirituous, vinous, malt and fermented liquor or some imitation thereof or substitute therefor is being kept in a building or buildings on the following described real estate, to wit: Nw¼ 3-16-5 in Lincoln county for sale, barter, to be given away or otherwise furnished to other persons in violation of the Constitution and laws of the state of Oklahoma; therefore you are commanded to make immediate search of said buildings for such spirituous, vinous, malt and fermented liquors, or any imitation thereof or substitute therefor that may be therein kept, and if you find any such liquor therein you are commanded to seize the same, together with the vessel or vessels in which it may be contained and the implements, fixtures, and furniture found therein and used or kept for the illegal sale, barter, giving away or otherwise furnishing of such liquor, and safely keep same, and make return on this warrant within three days showing all the acts and things done thereunder.

"Dated at Chandler this 6th day of June, 1928.
L. H. Wray,
"Justice of the Peace."

The affidavit upon which the search warrant was issued was wholly insufficient, in that it did not comply with the provisions of section 7013, C. O. S. 1921. Before a search warrant may legally issue, the affidavit must set

out that some part of the private dwelling is used as a store, shop, hotel, boarding house, or place of storage, or that the residence is a place of public resort. The affidavit in this case not only fails to show one or some of the necessary facts, but even fails to state that a dwelling house is on the premises described in the affidavit. The affidavit and warrant in this case were sufficient to authorize the sheriff to search the outlying premises, but gave the officer no authority to enter and search the private dwelling of the defendant Eva Bayne.

The sheriff went to the residence of defendant Eva Bayne and under the invalid search warrant issued in this case searched the private dwelling house of Eva Bayne and discovered the still offered in this case. The sheriff testified that he could not see the still and defendant refused to tell him where it was and claimed that there was no such thing on the premises. In searching, the sheriff discovered a step loose in the stairway, and, tearing up four boards, found the still concealed under the stairway. This was all the evidence offered by the state, and is the only evidence upon which a conviction could have been obtained. Timely objection was made by the defendant Eva Bayne to the introduction of these exhibits, on the ground that they had been illegally obtained, under this search warrant. It was reversible error for the court to overrule this objection and admit this evidence.

The only evidence offered in this case as to the still and worm was obtained by means of this unlawful search and seizure. So long as county attorneys approve the making and filing of affidavits like the one in this case, and so long as sheriffs obtain evidence under such void warrants, this court will be compelled to reverse convictions obtained thereby. Had the county attorney seen to it that a proper affidavit was filed and a proper search warrant issued, the conviction could have been sustained, as there was ample

evidence, if legally obtained, to support the verdict of guilty.

There being no other evidence in the case upon which the verdict of guilty could have been returned, the case is reversed and remanded.

EDWARDS, P. J., and DAVENPORT, J., concur.