# EVA BAYNE et al. v. STATE.

No. A-6436.   Opinion Filed Feb. 23, 1929.
(274 Pac. 1095.)

Walter Mathews, for appellants.

Roscoe Cox, Co. Atty., for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Lincoln county on a charge of willfully, unlawfully, and wrongfully having possession of intoxicating liquor, to wit, corn whisky containing more than one-half of 1 per cent. alcohol measured by volume and capable of being used as a beverage, with the intent then and there on the part of the defendants Burney Overton, Harry Venson, and Eva Bayne to sell, barter, give away, or otherwise furnish the same.

The information properly charges the crime. The evidence in this case discloses that information had come to the sheriff of Lincoln county that the defendants were engaged in making and selling intoxicating liquors on the northwest quarter of section 3, township 16, range 5 East, in Lincoln county, state of Oklahoma, and that a still was in operation on these premises.

The affidavit upon which this search warrant was issued was sufficient to authorize the sheriff to lawfully enter upon and search the outlying premises of the defendant Eva Bayne, described in the affidavit, but was not sufficient to authorize the search of the private dwelling house of the defendant Eva Bayne.

The sheriff and his deputies, being legally on the premises under this search warrant, approached the residence of the defendant Eva Bayne, and, when from 30 to 50 feet from the house, could smell mash, and could see 4 or 5 mash barrels on the ground near the dwelling house, and could see a barrel of mash sitting on a table against the side of the dwelling house with a spigot going through a hole in the wall into the dwelling house. The door being open the officers could see a bottle filled with liquid resem-

bling whisky in appearance, several jugs, and other paraphernalia on the floor in the kitchen, and could see the defendants moving around in the room and could hear the defendants hammering as though working at something inside the house.

The sheriff immediately placed under arrest the defendants Burney Overton and Harry Venson and told the defendant Eva Bayne to report at his office on the next day. The sheriff went up to the door and told defendant Eva Bayne that he had a warrant and wanted to search the house, and she said, "All right come in and search it." Afterwards and on the outside of the house the defendant Eva Bayne in conversation with the sheriff told him that she had started to run it (meaning the still) about 7 o'clock this morning. She said her husband was in jail, in town, and "he told me and these colored men to run it this morning."

This, in substance, is substantially the evidence on the part of the state. In the case of Bayne v. State, 42 Okla. Cr. 81, 274 P. 694, which case is a companion case, this court reversed the conviction in that case, for the reason that the only evidence in that case was obtained by means of an unlawful search warrant. The affidavit was insufficient under the provisions of section 7013 to authorize the search of a private dwelling while occupied as such; the evidence of the state in that case being that the sheriff and his deputies, under this warrant, went into the house, without being able to see or detect the still otherwise, and tore up 4 boards in the steps in the stairway and found the still hidden in the stairway. That being the only evidence in that case, and having been obtained under a search and seizure not authorized by the affidavit and warrant, we held the court committed error in overruling the defendants' motion to exclude the exhibits and evidence found in the search in that case.

But this case presents an entirely different question. In this case the officers were lawfully upon the premises by virtue of the search warrant. When considerable distance from the house, they could smell mash, could see the barrels, and other apparatus outside of the house, and through the open door could see the jugs and bottles and apparatus, together with the liquor and the defendants, and could hear the defendants as they were working inside of the room.

This court had before it the precise question in this case as in the case of Washington v. State, 37 Okla. Cr. 415, 259 P. 150. In that case, in an opinion by Presiding Judge Doyle, this court said:

"A search for intoxicating liquors without a search warrant is not 'unreasonable,' within the meaning of the Constitution where it is made by officers, who, before entering the premises, could smell mash cooking, which they knew by their sense of smell was whisky mash, and where they observed a person moving around with a flash light where a still was in operation." In the above case the facts known to the officers were not as definite and complete as the facts disclosed in this case.

Under the provisions of section 7014, C. O. S. 1921, the sheriff was authorized to make the arrest and seize the liquors, since the offense was occurring in his presence, and in this case, under the facts disclosed, no search warrant was necessary to enable the officer to seize the liquors, and, under the rule laid down in the case of Washington v. State, the evidence was clearly admissible. The defendant Eva Bayne admitted to the sheriff that she, together with the two defendants, had been operating the still to make the whisky found by the sheriff.

The defendants further complain of the instructions given by the court. While the instructions are informal, they fairly state the law of the case, and the making and

giving of the same do not constitute ground for reversal of the case.

A careful reading of the record shows that the defendants received a fair trial, that the evidence is sufficient to sustain the verdict, and that no error was committed prejudicial to the rights of the defendants, and the judgment appealed from is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.