## MYRON ATWOOD v. STATE.

No. A-6499.   Opinion Filed August 24, 1929.
(280 Pac. 319.)

M. D. Hartsell, for plaintiff in error.

S. H. Lattimore, Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted of having possession of mash fit for distillation and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The facts in the case, as revealed by the evidence of the state, are that one W. D. Shamblin, deputy sheriff, visited the premises of the defendant for the purpose of serving a summons on the sister of the defendant; that while on the premises he smelled a strong odor of whisky mash, and later in the day made affidavit and procured a search warrant to search the premises of the defendant; that by mistake the affidavit and search warrant fixed the place of residence of the defendant at three miles north and three-quarters mile west of Warner, when in truth and fact the defendant's residence was three miles north and three-fourths mile east of Warner.   It was conceded by the county attorney that the description of the premises to be searched was insufficient to authorize the search, and the case was tried upon the theory that the conduct and actions of the defendant constituted a waiver, and that the search was legal because of the consent of the defendant.   The witnesses for the state, who were the officers having the search warrant to serve, testified that when they reached the premises of the defendant, the witness Shamblin, who was the deputy sheriff making the affidavit

to procure the search warrant, told the defendant that he had a search warrant, and the following conversation occurred:

"Q. Did you have any conversation with Myron at that time? A. I told him we had a search warrant for his place. I wanted to look his place over.

"Q. What did he say? A. He said, 'All right.'

"Q. Did you serve that search warrant? A. I asked him did he want a copy and he said, 'You don't need a search warrant to search my place'."

J. D. Patton, one of the deputies who was with the sheriff when the search was made, testified as follows:

"Q. What did you do upon arriving at the house? A. We got out of the car and went to the front porch. Mr. Shamblin told Mr. Atwood he had a search warrant and wanted to search his place. Mr. Atwood said he didn't require any search warrant, didn't need it. Mr. Shamblin said he wanted to go around and search the cellar or smoke house—we went around and got a little scent but couldn't find nothing."

These witnesses, testifying further, testified that outside of the yard fence they found three barrels buried, two had mash in them and one of them had been emptied within 24 hours; that the barrels were buried in the ground and covered over with planks and sacks, and that this mash was whisky mash; that they had been raiding and destroying mash for years and knew the taste and smell of mash, and that this was whisky mash.

The question presented by this record is: Did the defendant waive his constitutional immunity by consenting to this search? This court has held in a large number of cases that where the officers go upon the premises of the defendant and announce that they have a search

warrant, the defendant by language similar to that used in the case at bar does not voluntarily consent to the search of his premises. The presence of the officer, with the announcement that he has the search warrant and that he wants to or intends to search the premises, amounts ot official coercion, and the apparent consent of the defendant amounts only to an announcement that he does not intend to resist the officers. Whitford v. State, 35 Okla. 187, 249 Pac. 430; Hays v. State, 38 Okla. Cr. 331, 261 Pac. 233; Herron v. State, 39 Okla. Cr. 346, 265 Pac. 147; Bayne et al. v. State, 42 Okla. Cr. 81, 274 Pac. 694; Shockley v. State, 35 Okla. Cr. 437, 251 Pac. 514.

It being conceded by the state that the search warrant was void, the search was made in violation of the defendant's constitutional rights, and the evidence obtained thereby was inadmissible.

For the reasons stated, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.