JOHN PATTON et al. v. STATE.

No. A-3495. Opinion Filed Oct. 8, 1921.

(200 Pac. 878.)

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

John Patton and Carl Henninger were convicted of a violation of the prohibitory liquor laws, and they appeal. Judgments affirmed.

Pruiett, Sniggs, Patterson & Morris, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. John Patton and Carl Henninger jointly tried and convicted in county court of Oklahoma county of the crime of the unlawful possession of intoxicating liquor, and each sentenced to serve a term of 60 days in the county jail and pay a fine of $250. The only contention advanced as ground for reversal of the judgment is that the evidence is insufficient to sustain the conviction. The evidence of the state was to the effect that these defendants had in their possession 60 quarts of whisky, and that the same was found at a residence occupied by them on East Seventh street, in the city of Oklahoma City, on the 4th day of July, 1918, that said whisky was contained in quart bottles labeled, "Old Taylor"; that the bottles were packed in cartons, and each had a government seal or stamp over the cork. No defense was interposed for either defendant. The argument is advanced that this evidence is insufficient, that it is based merely on the conclusion of the witnesses that the liquor found was whisky, because no investigation was made of the contents of the bottles, and the liquor seized by the officers was not introduced in the evidence. While these officers testified that the defendants were possessed of 60 quarts of whisky, it is apparent from the record that their knowledge and belief that the bottles contained whisky was based on actual personal observation by them. On cross-examination it was disclosed that the data upon which these officers based their belief, were the "Old-Taylor" labels on the bottles, their general appearance, of the fact that they were packed in cartons, and, further, that each had a government seal or stamp across the cork. That a person or thing may be identified by its appearance and other qualities witnessed by personal observation is not to be disputed. Wigmore on Evidence, § 657; Com. v. Dowdican, 114 Mass. 257.

The weight to be given the testimony of the state's witnesses was solely for the jury. Whether their knowledge or belief that what was seized was whisky was the result of rational inferences based on adequate data from personal observance was for the jury to determine. The jury decided this issue adverse to the contention of the defendants. In the absence of any defense interposed by either defendant, the court is convinced that the proof adduced for the state is amply sufficient to support the judgments.

It is therefore ordered and adjudged that the judgment of conviction as to each defendant be affirmed.