# H. G. WALKENHORST v. STATE.

No. A-5087.   Opinion Filed Oct. 1, 1927.
(259 Pac. 663.)

John Adams, for plaintiff in error.

Geo. F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Logan county upon a charge of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $500 and to be imprisoned in the county jail for a period of 6 months.

The record discloses that on December 17, 1923, certain officers procured a search warrant, and searched the residence of defendant, and found therein a one-gallon jug of whisky. Defendant and his family testified that the same was kept for medicinal and family use.

The sufficiency of the affidavit for search warrant and the search warrant for the search of a private residence is challenged, it being contended that the requirements of section 7013, Comp. Stat. 1921, which prohibits the issuance of a search warrant to search a private residence unless some part of such residence is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort, was not complied with. The affidavit for search warrant is not a model, but it does allege intoxicating liquor was stored at the residence. It is not necessary that the affidavit use the exact words of the statute, but words of similar import may be used. Applying this liberal rule of construction, the affidavit is sufficient as against the objection made. The affidavit is further objected to as stating conclusions and not facts. This contention is not tenable.

Complaint is made of error in refusing defendant's requested instruction and in the court's instruction No. 5. The requested instruction is not signed by counsel, and the record does not show that the refusal to give this instruction was excepted to, nor is there any exception to any of the instructions given. When no exceptions are taken, the objections are waived unless jurisdictional or fundamental in character. No errors requiring a reversal are apparent.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.