## M. H. HYATT v. STATE.

No. A-6213.   Opinion Filed Dec. 30, 1927.
(262 Pac. 215.)

Brooks & Powell, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.   Appellant, M. H. Hyatt, was convicted on a charge of unlawful possession of intoxicating liquor, and, in accordance with the verdict of the jury, was sentenced to pay a fine of $150, and to imprisonment in the county jail for 60 days.

The errors assigned are, in substance, that the court erred in admitting incompetent evidence on the part of the state, which evidence was obtained by an illegal search of the private residence of the defendant, under a void search warrant.

The affidavit for the search warrant issued by Chas. W. McDonald, justice of the peace, recites "that intoxicating liquors are being kept by Hyte, on Hyte farm, and in possession in a certain building or premises situated on the N. W. ¼ sec. 33—38—12 west," and does not state that the same was a place of public resort.

The proof shows that the officers searched the private residence of the defendant.

The state rested, and the court overruled the defendant's motion that all the evidence be stricken because the same was secured by an illegal search and seizure.

It is well settled that under the statute (section 7013) no officer is authorized to search a private residence occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort, and that no magistrate in this state has the power to issue a search warrant to search a private residence, occupied as such, unless it is made clearly to appear that such private residence comes within the exceptions stated in said section. Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Coatney v. State, 30 Okla. Cr. 270, 235 P. 942; Duncan v. State, 11 Okla. Cr. 217, 144 P. 629.

Other errors are assigned and argued, but it does not seem necessary that we should extend this opinion by reference thereto. As shown by the record, the search and seizure in this case was an invasion of the constitutional and statutory rights of the defendant, and the evidence complained of was improperly admitted.

The judgment herein is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.