SAM MITCHELL v. STATE.

No. A-6386. Opinion Filed May 11, 1929.

(277 Pac. 260.)

Sam S. Gill, for plaintiff in error.

J. K. Wright, Co. Atty., and L. W. Harrod, Asst. Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of having possession of whisky with intent to barter, sell, give away, or otherwise furnish the same, and was sentenced to pay a fine of $350 and be confined in the county jail for six months. Motion for new trial was filed, overruled, and exceptions saved, and the cause appealed to this court.

The defendant assigns numerous grounds of error, but groups them under two propositions; first the search warrant was void, and the evidence secured thereby inadmissible. The affidavit for the search warrant is sworn to positively, and sets out facts sufficient to justify the issuance of the warrant.

The defendant argues first that the description of the premises to be searched is insufficient. The property is described in the affidavit for the search warrant as follows:

"A one story frame house, with shed kitchen on west side, said house being painted a slate color trimmed in green, said house being the first house south of the Rock Island tracks on the west side of Bath street, and outbuildings and premises all being in Oklahoma County and state."

It appears from the evidence in this case that this was the only house of any description south of the Rock Island tracks on the west side of what would have been Bath

street, had such street crossed the Rock Island tracks. It further appears that the officers were able to locate these premises from the description contained in the search warrant, and that is all that is required. .

The defendant next argues that, since the premises were a private residence, the allegation in the affidavit, "that it is a place where numerous persons congregate for the purpose of drinking intoxicating liquor," is insufficient to describe the premises as a place of public resort, as required by section 7013, C. O. S. 1921.

In the case of Walkenhorst v. State, 38 Okla. Cr. 180, 259 Pac. 663, this court said:

"A search warrant may issue to search a private residence only when it is made to appear in the affidavit that it or some part of it is used as a store, shop, hotel, boarding house, or place for storage, or unless it is a place of public resort, but it is not required that such affidavit shall use the exact words of the statute, but words of similar import may be used."

While the language used it not as full as it might be, the affidavit is sufficient.

Under his second proposition, the defendant urges "that the court erred in refusing to instruct the jury that the having of more than a quart of liquor did not of itself overcome the presumption of innocence."

The trial court gave the following instruction:

"You are further instructed that under the laws of this state the keeping in excess of one quart of whisky or in any manner permit any other person to keep in or about his place of business or residence or place of amusement or club room such intoxicating liquor is prima facie evidence of an intent to barter, sell or give away the same contrary to law; and in this connection you are instructed

that if you find and believe from the evidence in this case, beyond a reasonable doubt that the defendant, Sam Mitchell, had in his possession and under his control, or in any manner permitted any other person to keep such intoxicating liquor, to wit: 27 gallons of whisky, in or about his place of business or residence, then you will consider that fact, in connection with all the other facts and circumstances in this case in arriving at your verdict."

This instruction correctly stated the law as applicable to the facts in this case, and the requested instructions of the defendant were properly refused by this court.

There being ample evidence in the case to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.