## MARSHALL BLACKWELL v. STATE.

No. A-8515.   June 2, 1933.
(22 Pac. [2d] 1041.)

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of having possession of intoxicating liquor, with intent to barter, sell, give away, and otherwise furnish to others, in violation of the prohibition law, and was sentenced to pay a fine of $500 and be imprisoned in the county jail for six months. From the judgment the defendant appeals.

The defendant in his petition of error has assigned eight errors alleged to have been committed. After a careful examination of the record, the only error deemed necessary to consider is the first error assigned by the defendant, which is: "Said court erred in overruling his motion for a new trial." The motion for a new trial

raises the question of the competency of the evidence introduced by the state against the defendant, and challenges the sufficiency of the affidavit upon which the search warrant under which they searched the private residence of the defendant was issued. If the affidavit for the search warrant is insufficient to predicate the search warrant upon, then all the testimony against the defendant was inadmissible, and the objections of the defendant to its admission should have been sustained.

Section 7013, C. O. S. 1921, now section 2639, Oklahoma Statutes 1931, is as follows:

"No search warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

When the evidence was offered by the state, the defendant objected to the same on the ground that it was procured by an unlawful search and seizure, the officers not having a valid search warrant, which objection was by the court overruled and the defendant's exception saved.

It is admitted by the state that the building situated upon the land described in the affidavit was the residence of the defendant and one Bessie Carter. This being admitted by the state, it is necessary that the allegations in the affidavit should show that some part of the residence was used, at the time the affidavit was made, as a store, or a shop, or a hotel, or a boarding house, or place for storage, or a place of public resort. An examination of the affidavit upon which the search warrant was based shows that the affiant stated that—

"Numerous and divers persons who are users of intoxicating liquors do frequent a certain public resort;

that intoxicating liquors are being kept at said place for the purpose of being sold, bartered, given away, or otherwise disposed of, in violation of the prohibitory laws of the state of Oklahoma, the same being in, upon and about the following premises in Noble county, Oklahoma, to wit: Then described the property as the northeast quarter of section 28, township 24, range 2 E, Noble county, Oklahoma, and a 5-room, one story house situated thereon, and cave, barns, shed, and other structures within the curtilage and occupied by one Bessie Carter and Marshall. Blackwell."

The attempt in the affidavit to charge a public resort falls far short of the statutory requirement. The affidavit states a certain resort in, upon, and about a certain described tract of land. There is no statement in the affidavit that charges that the residence of the defendant or Bessie Carter was a place of public resort at the time the affidavit was made. It mentions a certain public resort somewhere in, upon, or near the lands described in the affidavit, but fails to state that the home of the defendant was a place of public resort. The affidavit is insufficient to comply with section 2639, O. S. 1931.

In Duncan v. State, 11 Okla. Cr. 217, 144 Pac. 629, this court, after citing sections of the statutes of 1910, which is now section 2639, O. S. 1931, said that under these sections of law a search warrant cannot be lawfully issued and no officer can lawfully enter and search the private residence of any one unless such residence is a place of public resort, or it, or some part of it, is used as a store, or as a shop, or as a hotel, or as a boarding house, or as a place for storage. The court, in Duncan v. State, supra, said:

"No officer has a lawful right to search any private residence even though he possesses a search warrant issued by a magistrate, unless the conditions, or some one

of them referred to in section 3616 [Revised Laws 1910], exist in the habitation at the time the search is to be made."

No man, be he officer or otherwise, is permitted to ruthlessly invade the sacred rights of any home, however humble, unless he is clearly within the law. The home of the American citizen is his castle supreme, and he who dares invade the sanctity thereof does so at his peril. The provisions of the statute, supra, safeguard the citizen, the person, his home, and his property against unlawful and unreasonable searches and seizures. It is clearly shown that the affidavit upon which the search warrant issued does not meet the requirements of the statute. McClure v. State, 31 Okla. Cr. 60, 237 Pac. 145; Loveless v. State, 43 Okla. Cr. 146, 277 Pac. 672.

It has been repeatedly decided by this court that evidence obtained by a search of a defendant's home, under a search warrant issued without authority of law and the proper affidavit, for the sole purpose of obtaining evidence against the defendant, in violation of section 30 of the Bill of Rights, is inadmissible. The said section of the Bill of Rights is a pledge of good faith of the state that the people of the state, all alike, shall be secure in their persons, their houses, papers and effects, against unreasonable searches and seizures. This security has vanished, and the pledge is violated by the state that guarantees it when officers, acting under authority of the state, fail to secure a valid search warrant to search the private residence of a citizen.

The conviction of the defendant having no competent evidence to support it, without the use of evidence which has been unlawfully obtained, must be reversed.

The judgment of the lower court is reversed, and case remanded.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.