## VERNON SMITH v. STATE.

No. A-9277. June 18, 1937.
(69 Pac. [2d] 671.)

34

 

John W. Whipple, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Vernon Smith, was convicted upon an information charging him with the unlawful possession of five gallons of whisky, and in accordance with the verdict of the jury was sentenced to be confined in the county jail for 60 days and to pay a fine of $75.

The undisputed facts are that Sheriff Bocock, together with three other officers, on October 17, 1936, in executing a search warrant, searched the house of the defendant in the city of Stillwater and found a 5-gallon keg of whisky buried in the ground under the floor of a bedroom in the house. Attached to the keg was a half-inch gas pipe, coming up through a two by six under the floor, and inside this pipe there was a rubber hose. The sheriff asked the defendant to tell him how he got it in there, and that he would try to keep from destroying the property, the defendant answered: "He did not know it was under there" and "To get it out the best way you can."

The 5-gallon keg and the iron gas tube were offered in evidence as exhibits.

This was all the testimony in the case.

No testimony was given by the defendant or by any witness in his behalf.

At the close of the testimony on the part of the state, counsel for defendant interposed a demurrer thereto, and moved the court to instruct the jury to return a verdict of not guilty for the reason there was not sufficient proof of the commission of the offense charged.

It is urged that there is error in instruction No. 7 in which the court instructed on the presumption arising from possession of intoxicating liquors and stated "that the having and keeping in excess of one quart of any spirituous, vinous, fermented or malt liquor, shall be deemed prima facie evidence of an intention to convey, sell, or otherwise dispose of said liquor."

Counsel in his briefs says:

"This was not the law at the time this case was tried and to attempt to define the law as the court did in instruction No. 7, was misleading and prejudicial to the legal and constitutional rights of the defendant," quoting section 2625, O. S. 1931 (37 Okla. St. Ann. § 32). Citing Crowdis v. State, 59 Okla. Cr. 297, 58 Pac. (2d) 154.

Instruction No. 7, given by the court, was based upon section 3, chapter 153, Session Laws 1933 (37 Okla. St. Ann. § 82), entitled:

"An Act defining Intoxicating and Non-intoxicating Beverages; amending sections 2618, 2626, 2627, Oklahoma Statutes, 1931; * * * repealing all Laws in conflict therewith and ordering a Special Election to be held on the 11th day of July, 1933, for the express purpose of referring said Bill to a vote of the People and prescribing the procedure therefor." 37 Okla. St. Ann. § 151 note. At which election said act was approved.

Section 3 of said act (37 Okla. St. Ann. § 82) provides:

"Section 2626. The keeping, in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor, or any liquor or compounds of any kind or description whatsoever, whether medicated or not, which contain more than three and two-tenths (3.2%) per cent. for alcohol, measured by weight and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States, or in any manner permitting any other person to have or keep any such liquors in or about his place of business or his residence, or any place of amusement, or recreation, or any public resort, or any club room; provided, however, that the foregoing provision of this section shall not apply to bonded apothecaries, druggists, or pharmacists, as to alcohol purchased by them pursuant to the rules and regulations promulgated by the government in accordance with the provision of the laws of this state; or the keeping in excess of one quart of spirituous, or one quart of vinous, or more than one quart of any liquor or compounds of any kind or description whatsoever, whether medicated or not, which contain more than three and two-tenths (3.2%) per cent. of alcohol, measured by weight, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors; provided further, that this section shall not be construed in any way to legalize the keeping of any liquors for unlawful purposes irrespective of the amount."

The courts hold that existing rules of evidence may be changed at any time by the lawmaking power when exercised within constitutional limitations. The Legislature has frequently changed the rules of evidence and declared that certain facts when shown shall constitute

prima facie evidence of guilt. With what intent a person keeps intoxicating liquors is always a question of fact for the jury, to be determined upon a consideration of the evidence. In the determination of that question, they are required by the statute to consider the keeping of a certain amount of intoxicating liquors as prima facie evidence of an unlawful intent. But that evidence may be rebutted by other evidence in the case, whether shown by evidence on the part of the defense, or by the state in connection with the evidence proving the possession. With such evidence, the jury must also take into consideration the presumption of the innocence of the accused until the contrary is proved beyond a reasonable doubt. It does not change the rule in all criminal cases that, "before a conviction can be had, the jury must be satisfied from the evidence beyond a reasonable doubt of the affirmative of the issue presented in the accusation that the defendant is guilty in the manner and form as charged in the indictment or information." 3 Rice on Ev. par. 259, and cases cited; Caffee v. State, 11 Okla. Cr. 485, 148 Pac. 680; Sellers v. State, 11 Okla. Cr. 588, 149 Pac. 1071.

It follows that instruction No. 7 given by the court based upon the foregoing section correctly stated the rule applicable to this statute.

It was urged below, and is insisted here, that the evidence on the part of the state was not sufficient to support the verdict.

Under the provision of the act, section 3 above quoted declaring that the keeping in excess of one quart of any spirituous, vinous, fermented, or malt liquors, "which contain more than three and two-tenths (3.2%) per cent. of alcohol, measured by weight and which is capable of being used as a beverage, * * * shall be prima facie evi-

dence of an intention to convey, sell or otherwise dispose of such liquors," evidence of such possession is sufficient to establish the unlawful intent, unless rebutted, or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, whether or not such evidence is sufficient to overcome the presumption of innnocence of a defendant, and to establish his guilt beyond a reasonable doubt, when all the evidence including the presumptions are considered, is for the determination of the jury.

The term "prima facie evidence," as used in the statute, is that degree of proof which, unexplained or uncontradicted, is sufficient in the absence of evidence to the contrary, to establish the unlawful intent if it be credited by the jury.

It is obvious that this case was one for the jury, as the uncontroverted testimony was that five gallons of whisky were found in the possession of the defendant, and the presumption of unlawful intent was undisputed.

The motion for a directed verdict of not guilty was properly denied.

Finding no error in the record, the judgment is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.