THIAS CROUSE v. STATE.

No. A-9618.   Feb. 23, 1940.
(100 P. 2d 467.)

L. Z. Lasley, of Alva, for plaintiff in error.

Mac Q. Williamson, Atty Gen., and Bill Gruber, Co. Atty., of Alva, for the State.

BAREFOOT, J. The defendant, Thias Crouse, was charged in the county court of Woods county with the crime of unlawful possession of intoxicating liquor; was tried, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

It is urged that the court erred in refusing to quash the search warrant by reason of the insufficiency of the affidavit upon which it is based. This affidavit was as follows:

"Comes now Nels Nelson, of lawful age, who being first duly sworn, on his oath states:

"That he has personal knowledge of the facts hereinafter stated, and of the fact that intoxicating liquors are being manufactured, sold, bartered, given away or otherwise furnished, and are now being kept for the purpose of selling, bartering, giving away or otherwise furnishing the same in violation of the laws of the state of Oklahoma, by certain person, on certain premises and buildings thereon, to-wit:

"East half of the south 70 feet of lot 8 of S. B. Share's subdivision to lots 29, 30, 31, and 32 of block 29 of the Original Town, now City of Alva, Oklahoma, and more particularly the ground floor portion of said described premises.

26

"That said premises are now occupied; that said premises are a place of public resort, occupied as a barber shop and as a private residence, and that they are in the possession of and under the control of one Thias Crouse.

"That this complaint and affidavit is made on account of and based on the following facts, to wit: That affiant has been watching said premises, and has observed persons and conveyances going to and from them and has observed the business, habit and condition of those persons. That affiant has seen a person who is known to affiant to be a person engaged in the illegal distribution of intoxicating liquor drive up to the rear entrance to said premises and unload cartons marked in such a way as to plainly indicate that they contained intoxicating liquor; has seen the driver of said car and the said Thias Crouse carry said cartons into said building; that affiant is familiar with the markings and brands inscribed upon said cartons containing intoxicating liquors and knows of this own personal knowledge that these cartons contained intoxicating liquor, and that the seals placed thereon by the manufacturer were unbroken when so delivered to the said Thias Crouse; that he has seen men enter the front door of said premises in a perfectly sober condition and emerge therefrom shortly thereafter with the odor of intoxicating liquor upon their breath; that these men would be taken to the rear room of said premises by Thias Crouse; that he has seen other men leave said premises with packages in their hands, that Thias Crouse, when not in said premises, has been seen frequently about town delivering packages to various individuals; that the quantity of intoxicating liquor delivered to said premises is far in excess of the quantity necessary for personal use; that these facts are within the personal knowledge of said affiant and are not based on hearsay.

"Wherefore, affiant prays that the judge of said court issue a search warrant, in accordance with law, directing that the sheriff, or his deputy, of Woods county, Oklahoma, or any constable, marshal, or policeman of said county and state, search the premises and places hereinbefore described, either in the day or the nighttime, and seize all

liquors, vessels, implements, fixtures and other property used in the violation of the laws of the state of Oklahoma."

The search warrant contains the same allegations as the affidavit. A motion was made to suppress the same, but no evidence was offered prior to the trial to sustain said motion. The same was overruled by the court and exceptions taken.

It is contended that the search warrant did not properly describe the premises, and that it described premises over which the defendant had no control, and that the affidavit was insufficient upon which to base the issuance of a search warrant. A reading of the affidavit refutes the statement that it was insufficient upon which to base the issuance of a search warrant. It was positively sworn to by the officer and stated facts that were personally known to him, and which amply justified the magistrate in issuing the search warrant. It fully complied with the statutes, Oklahoma Statutes, 1931, section 2639, O. S. A. title 37, § 88 (McHenry v. State, 61 Okla. Cr. 450, 69 P. 2d 90; Thomas v. State, 64 Okla. Cr. 265, 79 P. 2d 625) providing for the issuance of a search warrant to search a private residence.

The evidence at the trial revealed that defendant was operating a barbershop in the city of Alva, in Woods county; that in the same building, and with only a partition and door between, was the residence of the defendant. The intoxicating liquor, nine pints of whisky and one bottle half full of alcohol, was found by the officers stored in a box under the bed, in the portion of the building used as the residence. It is claimed that a portion of the premises described in the affidavit, and in the search warrant, was upstairs and occupied by other parties. The officers made no attempt to search any part of the building other than the place of business and

residence of the defendant. The affidavit and search warrant described the premises and stated that they were being occupied as a place of public resort, and as a barbershop and as a private residence, and that they were in the possession of and under the control of Thias Crouse, the defendant here charged.

The two officers who made the search of the premises testified that when the liquor was found under the bed defendant came back and asked if "he couldn't take the whisky down to the river and break it." He said, "If you'll do that, I promise I'll never sell another bottle." The defendant and his wife denied making this statement. The jury passed upon this conflict in the evidence and found the defendant guilty.

At the trial the court permitted the county attorney to offer in evidence the nine pints of whisky and the pint bottle half full of alcohol taken in the search. Two of the bottles and the alcohol were opened and the deputy sheriff testified he had tasted of them, and smelled of them, and that they contained whisky. That the other bottles were labeled whisky but had not been opened. They were all offered in evidence, and the defendant had an opportunity to open any of them if he so desired. It is contended that the whisky should have been analyzed, and that the officer could not testify that they contained whisky because they had never been opened. The court takes judicial notice that whisky is an intoxicating liquor. This objection, in view of former decisions of this court, is without merit and does not need further discussion. Crouse v. State, 39 Okla. Cr. 127, 263 P. 681; Patton v. State, 20 Okla. Cr. 52, 200 P. 878; Johnson v. United States, 6 Cir., 46 F. 2d 7.

The defendant took the witness stand in his own behalf. He was asked by his attorney if he had ever be-

fore been in trouble of any kind. On cross-examination the county attorney asked him, "Isn't it a fact that back in 1923, you robbed a certain schoolhouse and then brought back the stuff, and turned it over to the teacher?" This question was improper, but the court sustained an objection to this question, and admonished the jury to not pay the slightest attention to the question, and to dismiss it from their minds completely. Under these circumstances, and the evidence in this case, we do not believe the defendant was prejudiced in any way.

We have carefully examined the instructions given by the court. No exceptions were taken thereto. They fairly stated the law covering this case, with the exception that instruction No. 2, in which the court charged the jury with reference to the possession of one gallon of whisky in his home, the same being Oklahoma Statutes 1931, sec. 2625, O. S. A. title 37, § 32. This instruction is based upon a section of the statute which is no longer in force in this state. In the case of Morse v. State, 63 Okla. Cr. 445, 77 P. 2d 757, this court has fully discussed the history of the quart and gallon law, and came to the conclusion that the gallon law was no longer in force and effect in this state, being superseded by section 3, chapter 153, Session Laws of 1933, O. S. A., title 37, § 82. Under this statute the possession of in excess of one quart of intoxicating liquor is prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors, and this was the statute that was in force and effect at the time of the trial of this case. The defendant could have in no wise been prejudiced by this instruction, and no exception was taken to the giving of the same, and no requested instruction offered by defendant.

The evidence in this case was clear and convincing that defendant was using his place of business and his

residence in connection therewith as a place for the operation of the business of unlawfully selling intoxicating liquor, and attempting to hide behind the just provisions of the Constitution and statutes of this state that the home of a citizen of this state cannot be searched unless it is being used as a place of storage or public resort. In the case of Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135, 138, we stated:

"But with the passing of time a few of our citizens seem to forget the sacredness of their home and fireside and, in their eagerness to make money and in an effort to defeat the law, they have degraded their homes by bringing liquor and other instruments of crime therein for the purpose of using them in violation of the laws of this country, thereby hoping to receive protection through the sacred right of forbidding their homes to be searched, under the terms of the Constitution. Recognizing this evil on the part of the few, our governments, both state and federal, have, as we stated before, gone a long way in permitting even the home to be searched, and especially where it is being used as a place of public resort, and for the storing of intoxicating liquor to be used for unlawful purposes. The rights of the many have been made to suffer for the sins of the few."

This case comes clearly within this description. This defendant was using his home, which was connected with his business, as the place for the unlawful sale of intoxicating liquor. He was permitting his home to be used as a place of storage so that he could carry on the business as above indicated. He had forfeited the rights which were given and guaranteed to him by the Constitution and statutes of this state.

We are, therefore, of the opinion that the judgment of the county court of Woods county should be affirmed.

DOYLE, P. J., and JONES, J., concur.