## MAX WEISBAND v. STATE.

No. A-9482.    March 7, 1940.
(100 P. 2d 297.)

Hickman & Ungerman, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant was charged in the common pleas court of Tulsa county with the crime of unlawful possession of intoxicating liquor; a jury was waived; defendant was tried, convicted and sentenced by the court to serve six months in the county jail and pay a fine of $500, from which judgment and sentence this appeal was taken.

The defendant assigns as error:

(1)   Action of the court in refusing to sustain defendant's motion to suppress the evidence.

(2)   The evidence is insufficient to support a verdict of guilty.

The affidavit for the search warrant described the premises to be searched as follows:

"That said liquors are being disposed of and kept by one Max Weisband in the manner aforesaid, on the following described premises, situated in Tulsa county, Oklahoma, within said county and state, to wit: One 9 room house located at 3004 Woodard Blvd. City of Tulsa, Oklahoma, together with the curtilage thereof and the appurtenances, thereunto belonging."

The proof in support of the motion to suppress was that there is no Woodard boulevard in the city of Tulsa, but that there is a Woodward boulevard, running east from Riverside to South Owasso street through the 1100 block, and then turns south and continues past the residence of the defendant in the 3000 block. The proof showed that sometimes the street running east and west is called East Woodward and the portion where the street turns south is sometimes called South Woodward boulevard. The whole street is known in Tulsa as Woodward boulevard, and there is no duplication or confusion of numbers of the residences or numbers located on said street. The defendant, himself, in giving his address when signing his appearance bond, wrote it as "3004 Woodward."

J. H. Carter, one of the officers who made the search, signed the affidavit for the search warrant. His testimony shows that he drove by the defendant's residence before he came to the courthouse, and that he took down the number of the residence and furnished the county attorney with the description as he found it. The search warrant named the defendant in addition to identifying the property to be searched.

This court has repeatedly held that the place to be searched must be described in the search warrant with such reasonable certainty that the officer to whom it is directed has no discretion as to the place, but can ascertain it from the search warrant itself.

The correct rule is stated in 56 Corpus Juris, page 1237, as follows:

"Where the name of the street given and the correct name of the street upon which the premises are situated are idem sonans, there being no street of the name described, a description with the proper number is sufficient."

While the name of the street involved herein was misspelled, the number thereon is correct; and we hold that the warrant herein is sufficient to enable the officer, without securing additional information, to go to the premises involved and make a search thereof.

The testimony shows that the officers found approximately 75 pints of whisky, gin, and wine in a secret place in the ceiling of the garage, just at the back door of the defendant's house. The defendant did not take the stand, and no testimony was offered in his behalf to refute the statements of the officers who made the search. There is no denial that the defendant owned the premises where the liquor was found; and the possession by the defendant of said liquors unexplained is sufficient to establish unlawful intent, if it be credited by the court.

See Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185; Smith v. State, 62 Okla. Cr. 33, 69 P. 2d 671; Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900; Morse v. State, 63 Okla. Cr. 445, 77 P. 2d 757.

While the evidence herein is sufficient to sustain the conviction, we find that the punishment imposed is excessive and should be reduced to 60 days in the county jail and a fine of $300.

It is therefore ordered that the judgment herein be modified, and the sentence imposed upon the defendant be reduced from six months' imprisonment in the county jail and a fine of $500 to imprisonment in the county jail

for 60 days and a fine of $300 and the costs of this action, and the judgment as modified be affirmed.

BAREFOOT, J., concurring.   DOYLE, P. J., not participating.