## Ex parte MAX WEISBAND.

No. A-9851.  May 16, 1940.
(102 P. 2d 888.)

Irvine E. Ungerman and Holly Anderson, both of Tulsa, for petitioner.

Mac. Q. Williamson, Atty. Gen., Sam Lattimore, Asst. Atty. Gen., and Gleason McDonald, Asst. Co. Atty., of Tulsa, for respondent.

PER CURIAM.   The petitioner was convicted in the common pleas court of Tulsa county with the offense of illegal possession of intoxicating liquor.   Upon appeal to this court the conviction was affirmed and the sentence modified by decreeing that the petitioner should serve 60 days in the county jail and pay a fine of $300. Weisband v. State, 69 Okla. Cr. 79, 100 P. 2d 297.

The petitioner has filed his petition for a writ of habeas corpus, alleging that pending the appeal of this cause and, to wit, on April 11, 1939, he was surrendered by the sureties on his appeal bond to the sheriff of Tulsa county, and that the common pleas court of Tulsa county entered an order on that date committing him to jail to serve the sentence in the case which had been appealed to this court. While the petitioner was being held in jail, to wit, on May 4, 1939, he entered his plea of guilty to three charges then pending against him in the court of common pleas of Tulsa county and was sentenced to serve 90 days in jail and to pay a fine of $50 in each of these cases, the sentences to run concurrently. The petitioner remained in jail for 84 days, from April 11, 1939, at which time he was released by the making of a new appeal bond in the case which had been appealed to this court. Upon the filing of the mandate in Weisband v. State, 69 Okla. Cr. 79, 100 P. 2d 297, the petitioner was again committed to jail, whereupon he filed his petition herein seeking his release from imprisonment for the reason he had already served his sentence as modified by this court.

The defendant is entitled to credit on the sentence pronounced in Weisband v. State, supra, for the time he served in jail under the commitment in said cause, issued on April 11, 1939. Ex parte Williams, 63 Okla. Cr. 395, 75 P. 2d 904.

If the defendant enters his plea of guilty to other charges while he is serving his time on one sentence pursuant to a commitment, the time within which he must serve the sentence pronounced in those cases in which he enters his plea of guilty must commence after he has served his sentence in the case in which he stands committed.

For the above reasons the writ of habeas corpus is issued, directed to the sheriff of Tulsa county, to discharge the petitioner Max Weisband from custody if he is held for no other reason except pursuant to the mandate in the case of Weisband v. State, supra.