## ANNA (TINY) PICKENS v. STATE.

No. A-9703. Sept. 25, 1940.

(106 P. 2d 127.)

Mathers & Mathers, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BAREFOOT, J.   The defendant Anna (Tiny) Pickens was convicted in the court of common pleas of Oklahoma county of the crime of unlawful possession of intoxicating liquor and sentenced to pay a fine of $75 and serve a term of 45 days in the county jail, and has appealed.

This charge grew out of a search of the defendant's home and garage at 1930 N. E. 10th street in Oklahoma City on the 29th day of June, 1938.   The officers found nine pints of tax paid whisky secreted under a trapdoor in the garage of defendant.   At the time the officers entered the premises, two men were sitting at a table and were being served with whisky in glasses by defendant, and two other persons were in the kitchen; and glasses were on the table, which the officers testified smelled of whisky, also chipped ice, some lemons, and bottles of mix. A pint bottle of whisky about one-half full was found on a shelf in the kitchen.   Conversations were testified to by the officers, which clearly demonstrated that liquor was being sold by the drink on the premises.

Defendant's place had been searched upon other occasions by the officers; and they testified that the place had a bad reputation as a place where intoxicating liquor was sold.

The officers had warrants ffor the arrest of two parties who were sons-in-law of the defendant and who resided at the premises either at the time the search was made or shortly prior thereto.

For reversal of this case, it is contended that the court erred in failing to sustain a motion to quash the search warrant issued herein, it being contended that the defendant lived at 1930 E. Alice street and not at 1930 N. E. 10th street. Counsel in his brief states that these two addresses are a block apart; but the evidence in the record does not substantiate this statement. It shows that Alice street and N. E. 10th street in the place where the search occurred are one and the same, and that 1930 N. E. 10th street and 1930 E. Alice street would be at the same location. In addition, the officer who procured this search warrant, knew the defendant, and knew the address, and secured the search warrant for the purpose of searching the defendant's place. The defendant was present, and had charge of the premises at the time of the search and was serving liquor there at that time.

Under the previous decisions of this court, these facts are sufficient to uphold the search warrant issued in this case. Mitchell v. State, 43 Okla. Cr. 63, 277 P. 260.

It is further contended that the place searched was the home off three families, and for that reason the search warrant was void and should have been suppressed. The evidence reveals that the defendant was in charge of the premises; that one room was rented to her son-in-law and his wife. The evidence does not reveal that either off these rooms was searched by the officers. The liquor was found in the garage, under a trapdoor where the boards had to be removed, and also the kitchen which was occupied by defendant.

When told by the officers she would have to go; that they had found her plant with the whisky:

"She wanted to know which one; and she said she only had six pints, bottles; and I said, 'Well, you can count them and there are nine here.' Q. Did she count it? A. Yes, sir. Q. And find there were nine? A. Yes, sir. Q. What was said then? A. She said, 'I just had it for her friends.'"

Finding no error, the judgment of the court of common pleas of Oklahoma county is affirmed.

DOYLE, P. J., and JONES, J., concur.