TINY PICKENS v. STATE.

No. A-9731.   Jan. 29, 1941.

(110 P. 2d 319.)

Mathers & Mathers, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, Tiny Pickens, was by information charged with the unlawful possession of intoxicating liquor on September 11, 1937, tried, convicted, and sentenced to pay fine of $50 and to serve 45 days in the county jail, from which judgment and sentence she appeals to this court.

The defendant contends that the court erred in overruling her motion to suppress the evidence for the reason that the search warrant was invalid, and that the evidence is insufficient to sustain the conviction.

The search warrant was a John Doe warrant describing "a one story frame house located at 1930 N. E. 10th Street in Okla. City, Okla., County, Okla." The defendant

insists that the correct address of her home, and the place searched, is 1930 E. Alice street. The state offered proof that 1930 N. E. 10th was the same place. This court, in passing upon another liquor charge against this same defendant, where this same question was raised, in an opinion by Judge Barefoot, Pickens v. State, 70 Okla. Cr. 301, 106 P. 2d 127, 128, stated:

"For reversal of this case, it is contended that the court erred in failing to sustain a motion to quash the search warrant issued herein, it being contended that the defendant lived at 1930 E. Alice street and not at 1930 N. E. 10th street. Counsel in his brief states that these two addresses are a block apart; but the evidence in the record does not substantiate this statement. It shows that Alice Street and N. E. 10th street in the place where the search occurred are one and the same, and that 1930 N. E. 10th street and 1930 E. Alice street would be at the same location. In addition, the officer who procured this search warrant knew the defendant, and knew the address, and secured the search warrant for the purpose of searching the defendant's place. The defendant was present, and had charge of the premises at the time of the search * * *."

A search warrant naming John Doe and describing the place to be searched by one of two correct descriptions, comes under the holding of this court in Mitchell v. State, 43 Okla. Cr. 63, 277 P. 260:

"The description of the premises to be searched is sufficient if it enable the officers executing the search warrant to locate the premises to be searched without the aid of any other information save that contained in the search warrant."

See, also, Weisband v. State, 69 Okla. Cr. 79, 100 P. 2d 297; Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185.

There is a conflict in the testimony of the police officers and the defendant as to whether the address given in the search warrant is correct. It has been the uniform

holding of this court that where there is a conflict in the testimony in the hearing upon a motion to suppress the evidence that the trial court's ruling thereon will not be disturbed if the same is supported by substantial evidence.

Officers Spooner and Long, while armed with the search warrant hereinabove described, followed a known bootlegger into the home of the defendant. They seized a package containing several pints of whisky from the table in the living room. There is a conflict of testimony as to whether or not the defendant was in the room at the time the liquor was found by the officers. There is positive testimony that the defendant was in charge of the premises, that it was a place of public resort, and that it had a reputation as being a place where people congregated for the purpose of buying and drinking intoxicating liquor. The defendant did not testify upon the trial in her own behalf. The evidence is sufficient where the defendant offers no proof to the contrary nor explanation.

The state must show either that the place where the liquor was found was in defendant's possession or under his control, or that the intoxicating liquor was his, or that he had possession of same either as owner or employee. Mater v. State, 9 Okla. Cr. 380, 132 P. 383.

The defendant, in her motion for a new trial, contends that two searches of her premises were had the same day, and that only one search warrant was issued. This is a question which should have been raised before the trial court in the hearing on the motion to suppress the evidence. Defendant stated, in her hearing on a motion to suppress the evidence, that Officers Spooner and Long had the search warrant when Officer Kean was not present. Officer Kean testified that he had made a search of the house and had found nothing. Officer Spooner testified that he procured the search warrant and seized the

liquor. Officer Long testified that he was with Spooner when the liquor was seized.

It thus appears from the record that the officers had a search warrant at the time of their search which is the basis for this prosecution. The question raised, that two searches were made on one warrant, not being presented until after the trial, we hold that such question is waived and may not now be considered.

Finding no material error in the record, the judgment is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.