JOHN WATSON v. STATE.

No. A-9823.    Oct. 1, 1941.
(117 P. 2d 808.)

Guy L. Andrews, of McAlester, for defendant.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Paul Gotcher, Co. Atty., of McAlester, for the State.

BAREFOOT, P. J.   Defendant was charged in the county court of Pittsburg county with the crime of unlawful possession of intoxicating liquor, to wit: six pints of gin, six pints of whisky, and four half-pints of whisky, mixed brands; was tried, convicted and sentenced to pay a fine of $100 and to serve 60 days in jail, and has appealed.

The main ground relied upon by defendant for reversal of this case is that the court erred in refusing to sustain the motion to suppress the evidence because it was obtained by reason of an illegal search of his home. It is first contended that the description in the search warrant is insufficient to justify the search of defend-

ant's premises and that the affidavit was insufficient under the statute to justify a search of defendant's home. The affidavit upon which the search warrant was issued was made by the sheriff of Pittsburg county, and was as follows:

"Walter Haggard, Sheriff of Pittsburg County, being first duly sworn, upon oath, states that spirituous, vinous, fermented, and malt liquors, including whisky, wine, and other intoxicating liquors, for containing more than four per cent alcohol, measured by volume, and capable of being used as a beverage, is had and kept for the purpose of sale, barter, giving away and otherwise furnishing the same; and that same is being sold, bartered, given away, and otherwise furnished in violation of the Laws of the State of Oklahoma, in the above named County and State, in and upon the following described premises, to wit:

"The Boga Night Club, Dance Hall, Beer Parlor, and Sandwich Shop; and the premises and all buildings on the premises including the building used as a home by John Watson; located 300 yards west of the city limits on the south side of highway 270, McAlester, Pittsburg County, Oklahoma.

"Affiant further states that the basis of this complaint and the facts upon which it is founded are as follows:

"Affiant has seen persons whose names are known to him drinking whisky in the above described premises. The affiant has seen drunk persons in this place of business. It is a place of public resort; and whisky is kept therein.

"Wherefore, affiant prays that a Warrant of Search and Seizure do issue to the Sheriff of said County and State for the said described person and premises; to the end that said violation of law be suppressed, and that the offending parties be dealt with according to law."

A motion was made to suppress the same, and a hearing was had thereon prior to the trial, and evidence

taken. By this procedure the burden of proof was upon the defendant to affirmatively show that the search warrant was illegal. Holland v. State, 58 Okla. Cr. 404, 54 P. 2d 216; Ray v. State, 43 Okla. Cr. 1, 276 P. 785; Ford v. State, 45 Okla. Cr. 161, 282 P. 370.

It will be noted that the affidavit, after describing the premises says: "* * * located 300 yards west of the city limits on the south side of highway 270, McAlester, Pittsburg County, Oklahoma."

But on the motion to suppress, defendant offered evidence that it was a distance of 1,381 feet from the edge of his property line to the city limits, and that certain other parties owned the property as described in the search warrant. This contention overlooks the fact that the description in the search warrant used the words, "The Boga Night Club, Dance Hall, Beer Parlor, and Sandwich Shop", and also used the name "John Watson". The officers testified that they knew from this description in the search warrant where it was located. It did not require any information other than the description in the search warrant to locate the premises. Under this statement of facts, it does not occur to us that this contention is well taken and is highly technical. Smith v. State, 56 Okla. Cr. 103, 34 P. 2d 280; Pickens v. State, 70 Okla. Cr. 301, 106 P. 2d 127; Pickens v. State, 71 Okla. Cr. 167, 110 P. 2d 319; Mitchell v. State, 43 Okla. Cr. 63, 277 P. 260; Weisband v. State, 69 Okla. Cr. 79, 100 P. 2d 297; Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185; Crouse v. State, 69 Okla. Cr. 24, 100 P. 2d 467.

The second contention, that the affidavit for the search warrant does not state facts sufficient under the statute to permit the search of defendant's home, presents a more serious question. The statute which permits the

62

searching of one's home is Oklahoma Statutes 1931, section 2639, O. S. A., Title 37, section 88, and is as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

It is the contention of defendant that the affidavit for the search warrant nowhere states that the home of defendant is used as "a store, shop, hotel, boarding house, or place for storage, or * * * is a place of public resort", it being contended that that part of the affidavit which states, "It is a place of public resort; and whisky is kept therein", has reference to "The Boga Night Club, Dance Hall, Beer Parlor, and Sandwich Shop", and does not include the home of defendant. It is contended that the intent of the person who made the affidavit is clearly shown by the statement in the affidavit, "Affiant has seen persons whose names are known to him drinking whisky in the above described premises. The affiant has seen drunk persons in this place of business", which appears in the affidavit just prior to the statement, "It is a place of public resort".

It is contended by the state that it is unnecessary to pass upon this question in deciding this case for the reason that, when the state at the trial of the case introduced evidence of the finding of liquor, there was no exception taken by defendant to the introduction of this testimony. This seems to be begging the question. When defendant presented his motion to suppress the evidence and the court overruled the same and defendant excepted, this we think was sufficient to protect the rights and to raise the question of the legality of the search warrant. We have many times decided that the proper and best

manner in which to raise the question of the legality of a search warrant is by a motion to suppress, to be heard by the court prior to the trial. Whitwell v. State, 72 Okla. Cr. 192, 114 P. 2d 489; Wagner v. State, 72 Okla. Cr. 393, 117 P. 2d 162. In addition to this procedure, the defendant objected to the introduction of any evidence at the opening of the trial for the reason that the search warrant was illegal, and this objection was overruled by the court and an exception taken.

The question of the right to search the home of a private citizen of this state under the statute above quoted has been before this court on many occasions. Loveless v. State, 43 Okla. Cr. 146, 277 P. 672; Duncan v. State, 11 Okla. Cr. 217, 144 P. 629; Bayne v. State, 42 Okla. Cr. 81, 274 P. 694; Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Hyatt v. State, 38 Okla. Cr. 382, 262 P. 215; Kolander v. State, 33 Okla. Cr. 31, 241 P. 837; Hardy v. State, 35 Okla. Cr. 124, 248 P. 874; Buckley v. State, 69 Okla. Cr. 285, 102 P. 2d 619. Under these cases it has been the uniform holding of this court that a search warrant cannot be issued to search a private residence unless the affidavit to procure the same shows it to be "a store, shop, hotel, boarding house, or place for storage, or * * * is a place of public resort", as provided by statute. The question of whether the terms of the affidavit were such as to cover one or some of these terms has also been discussed in individual cases. Hardy v. State, 35 Okla. Cr. 124, 248 P. 874; Blackwell v. State, 54 Okla. Cr. 401, 22 P. 2d 1041.

In the case of Smith v. State, 30 Okla. Cr. 144, 235 P. 273, 274, Judge Bessey, speaking for the court, said:

"Whether an affidavit for a search warrant states evidential facts or mere conclusions is sometimes difficult to determine. In this regard it seems to us that

the affidavit in the Hannan case [Hannan v. State, 29 Okla. Cr. 203, 233 P. 249] is on one edge of the twilight zone, and the affidavit here under consideration is on the other edge."

Just so in the instant case, if it is construed that the term, "It is a place of public resort," refers to the home of defendant the affidavit is probably sufficient. If that term refers to the Boga Night Club, then there is no statement in the affidavit which brings it within the statute permitting the search of defendant's residence.

We have carefully considered the affidavit in this case and come to the conclusion that the term, "It is a place of public resort; and whisky is kept therein," has reference to the Boga Night Club and not the home of defendant. It is more easy to come to the conclusion that, if the defendant was using his home in connection with his night club, he was using it as a place for the "storage" of liquor and not as a place of "public resort." Certainly, the sheriff, when using the expression "public resort" in the affidavit meant the "Boga Night Club" and not the defendant's residence. It would have been very easy in the preparation of this affidavit to have used the word "storage," as provided by statute. If this had been done, the search warrant could have been upheld, but inasmuch as no term of the statute necessary for the search of a private residence was used, we are of the opinion that the court erred in refusing to sustain the motion to suppress the evidence obtained thereunder. The evidence revealed that the only liquor found was in the home of the defendant. No liquor was found in the Boga Night Club or on the premises or outbuildings in connection therewith. It is unnecessary to discuss other questions presented in the brief of defendant.

For the reasons above stated, the judgment of the county court of Pittsburg county is reversed with directions to discharge the defendant.

JONES and DOYLE, JJ., concur.