HORACE H. CANADY v. STATE.

No. A-10296. Sept. 6, 1944.

(151 P. 2d 817.)

Glen O. Morris and R. O. Swimmer, both of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.  The defendant, Horace H. Canady, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50 and costs, and has appealed.

It is first contended that the court erred in overruling the motion to suppress evidence because the search warrant under which the officers were acting at the time the search was made of defendant's premises failed to state the number of the street and the location of the defendant's place.

After the motion to suppress was filed, a hearing was had at which counsel for defendant introduced what was purported to be the copy of the search warrant which was served on the defendant.  This warrant gave a house number, but did not recite the street in Oklahoma City. It was contended by the state that some one had erased the name of the street from the copy of the warrant which had been served on the defendant, and the state introduced in evidence what was purported to be the original warrant which showed that the premises to be searched were located at 4001 N. W. 10th Street, in Oklahoma City.  Photostatic copies of each of these two warrants were attached to the case-made.  An examination of them shows that there is considerable merit to the argument of both the state and the defendant.  The search warrant introduced by defendant does show that there has been some erasures. On the other hand, the warrant introduced by the state

shows that the figure "10" was inserted by pen or pencil after the search warrant was prepared. It could have been inserted by the court which issued the warrant before it was delivered to the officers. The evidence in connection with this proposition was such that it presented a question of fact for determination of the trial court. There is sufficient evidence in the record to support any judgment on this question which might have been rendered by the court. Under such circumstances, we shall not interfere with the determination of this question by the trial court.

It is next insisted that the evidence is insufficient to sustain the conviction for the reason that the state wholly failed to prove that defendant had the possession with the unlawful intent to sell as provided by statute. In connection with this proposition, defendant argues that it is incumbent upon the state to prove that defendant's home was a place of general and public resort as a condition precedent to supplying the intent necessary for a conviction.

There is no legal authority to sustain this position of defendant. Thirty-three pints of whisky were found in defendant's possession. Defendant testified on the motion to suppress that the whisky was his. He admitted to the officers that the whisky belonged to him. We have a statute, 37 O. S. 1941 § 82, which provides that "the keeping in excess of one quart of any spirituous . . . liquors . . . shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors." This statute has been given approval by many decisions of this court. Weisband v. State, 69 Okla. Cr. 79, 100 P. 2d 297; Smith v. State, 62 Okla. Cr. 33, 69 P. 2d 671; Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185; Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900.

Of course, we do not mean that where the state makes a prima facie case, it is incumbent upon the jury to return a verdict of guilty, but by prima facie evidence of unlawful intent is meant that degree of proof which unexplained or uncontradicted is alone sufficient to establish unlawful intent if it be credited by the jury.

There is no material error in the record, and the judgment of the court of common pleas of Oklahoma county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.