# GARNER v. STATE.

No. A-11533. Dec. 5, 1951.

(239 P. 2d 433.)

W. L. Steger, Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error J. M. (Bud) Garner, defendant below, was charged by information in the county court of Bryan county, Oklahoma,

with the offense of the unlawful possession of intoxicating liquor. The information alleged that on or about July 15, 1950, in Bryan county, Oklahoma, the defendant was in possession of 16 half pints of Gilby's gin, 8 half pint bottles of Sunny Brook whisky and 16 half pint bottles of Hill & Hill whisky with the unlawful, wrongful and wilful intent then and there of selling, giving away, bartering or otherwise disposing of the same to other persons. A motion to suppress was filed and overruled by the court. Thereafter the case came on for trial before a jury. The defendant was found guilty, his punishment fixed at 30 days in the county jail and a fine of $50. Title 37, § 31, O. S. 1941. From which judgment and sentence this appeal has been perfected.

No briefs have been filed in this case and no appearance on behalf of the defendant was made at the time the case was set for hearing on September 19, 1951, or any subsequent thereto. It has been repeatedly held by this court that where a defendant appeals from a judgment of conviction, and neither brief is flied or appearance for oral argument made, this court will examine the pleadings and the instructions and if no error prejudicial to the substantial rights of the defendant is apparent, will affirm the judgment. Whitlow v. State, 85 Okla. Cr. 2, 184 P. 2d 253; Stone v. State, 86 Okla. Cr. 1, 188 P. 2d 1875. This court examines the record for jurisdictional and fundamental errors and where none appears under such conditions the judgment will be affirmed. We have carefully examined the record and find the information sufficient to support the conviction of unlawful possession of intoxicating liquor. While the evidence on the motion to suppress is none too strong it is nevertheless sufficient to support the judicial determination thereof. This court has repeatedly held that whether a search and seizure is unreasonable is a judicial question to be determined in each case in view of all the facts and circumstances under which the search and seizure is made. On the hearing on the motion to suppress, the defendant made no satisfactory explanation as to the lug of whiskey found on his premises behind the hen house not being covered by the description contained in the search warrant. The evidence was conflicting. It has been the uniform holding of this court that where there is a conflict in the testimony in the hearing upon the motion to suppress the evidence that the trial court's ruling thereon will not be disturbed if the same is supported by substantial evidence. Such is the situation herein. Pickens v. State, 71 Okla. Cr. 167, 110 P. 2d 319. It is therefore our conclusion that the information is supported by the evidence and no fundamental error appears in the record to warrant a reversal of the judgment of conviction. The judgment and sentence of the county court of Bryan county is accordingly affirmed.

JONES and POWELL, JJ., concur.